### BUCKLEY et al. v. ALTHEIMER et al.
### No. 4024.

District Court, N. D. Illinois, E. D.
April 3, 1942.

Thaddeus G. Benton, of New York City, and David J. A. Hayes, and Schuyler & Hennessy, all of Chicago, Ill., for plaintiffs.

Loy N. McIntosh, of Chicago, Ill., for defendant J. H. Hines Tie & Timber Co. and another.

Charles R. Sprowl, of Chicago, Ill., for Ben J. Altheimer.

WOODWARD, District Judge.

The defendants, J. H. Hines Tie & Timber Co., and Frost Oil & Gas 'Co., move to strike the complaint because it contravenes Rule 8(a) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion must be allowed.

The pertinent provisions of the Rules of Civil Procedure involved in a ruling on this motion are:

Rule 8(a) (2): "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 8(e) (1): "Each averment of a pleading shall be simple, concise, and direct."

Rule 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The bill seeks relief based upon the theory of alleged fraud of the defendants. The complaint consists of 260 long typewritten pages and in addition thereto, 43 typewritten pages of exhibits attached. It has 237 numbered paragraphs. It is replete with the most intimate and detailed recitals of the friendship and social and business relations of the various parties. It details conversations. Page after page contains copies of contracts, letters, correspondence, promissory notes, memoranda, agreements, leases, inter-office correspondence and other purely evidentiary matter. In many instances it is alleged that the defendant Altheimer makes certain claims and then by argument and innuendo the suggestion is made that by reason of other matters in the bill the claims cannot be maintained. In other words, in many places the complaint is highly argumentative, both as to the facts and the law. In order to emphasize the argument the complaint, in many cases, underscores, for emphasis, words, phrases and statements in correspondence. The pleader thought it necessary, in one instance at least and possibly in others, of devoting one paragraph—paragraph 25—to a summation and explanation of the evidentiary details set forth in preceding paragraphs.

As a typical example of the pleading—and many more similar examples might be copied—paragraph 80 on page 113 is copied herewith:

"Altheimer was a very smart man when he executed the contract of November 20, 1928 alleged in paragraph 75 hereof, he had thoroughly investigated the business of Tularosa Tie & Lumber Company and Sacramento Tie Company and he was confident that said contract so executed by him was a good deal for him and that he would make a lot of money from it; but he now claims that he was a sucker in advancing the money because, following the economic depression commencing late in 1929, the subsequent operations of Tularosa Tie and Lumber Company were not as successful as contemplated."

By no stretch of the imagination can this pleading be said to be "simple, concise, and direct" as required by Rule 8(e) (1), nor is it "a short and plain statement of the claim" as required by Rule 8(a) (2). While under Rule 9(b) the circumstances constituting fraud must be stated "with particularity", yet when the particulars are stated such particulars must be stated simply, concisely and directly. Brevity, conciseness and directness in the framing of bills of complaint are contemplated by the rules. In framing an amended bill, not only are the rules above referred to commended to the pleader, but also one of Lord Clarendon's Orders as follows:

"Counsel are to take care that the same be not stuffed with repetition of deeds, writings or records in haec verba; but the effect and substance of so much of them as is

pertinent and material to set down, and that in brief terms, without long and needless traverses of points not traversable, tautologies, multiplication of words, or other impertinencies, occasioning needless prolixity, to the end that the ancient brevity and succinctness in bills and other pleadings may be restored and observed." Quoted in 1 Daniell's Chancery Pleading and Practice, page 314, (Third American Edition).

The complaint in this case is a gross violation of the rules and will be stricken.