[No. 35232.   Department Two.   February 25, 1960.]

ADA PRESTON, *Appellant,* v. WILLIAM R. DUNCAN *et al.,*
*Respondents.*[1]

[1] Reported in 349 P. (2d) 605.

*Burgess & Hallin,* for appellant.

*Rosling, Williams, Lanza & Kastner* and *Joseph J. Lanza,* for respondents.

HILL, J.—This is an appeal, by a plaintiff, from a summary judgment dismissing two causes of action:

1. An action against a six-year-old minor because the child "intentionally and with full knowledge of the probable effects thereof did jump" from a chair onto the plaintiff (a seventy-eight-year-old woman), "knocking plaintiff to the floor"; in consequence of which, she sustained a fractured left femur and other injuries.

It is conceded, in the plaintiff's brief, that the fact of jumping on her by the child did not constitute an actionable tort, unless the child "performed the act with full knowledge and intention to throw appellant [plaintiff] off balance and pull her to the floor."

2. An action against the parents of the minor, based on their negligence, in that while they

" . . . had full knowledge and awareness of a dangerous propensity of their said minor child for jumping upon and surprising other individuals, yet said defendants failed to warn or give any notice of said dangerous propensity to the plaintiff,"

who was employed by them as a "baby sitter."

By their answer, the parents admit they were aware of the child's jumping tendencies, and admit that they failed to give any notice or warning thereof to the plaintiff; but deny any awareness that the tendency was dangerous, and deny that any special notice or warning thereof was required.

It is the plaintiff's position that the admissions in the answer are sufficient to give rise to a *prima facie* case against the parents on the theory of negligence; the contention being that whether the parents should have known that the tendency was dangerous, and that whether or not a warning was necessary, were jury questions.

The motion for summary judgment on behalf of the defendants was based upon the plaintiff's oral deposition and upon her written statement concerning her injury.

The plaintiff presented no affidavits, and, seemingly, relies upon the allegations in the pleadings as raising substantial issues of fact.

It is not clear to us exactly what the position of the plaintiff was before the trial court.

If it was her position that the facts, as set forth in her deposition and signed statement, are all that need to be presented to make a case for a jury on the issue of liability, the trial court was quite right in concluding (1) that there was no evidence in the action against the minor from which a jury could infer knowledge or intent on her part to cause the plaintiff to fall; and, in concluding (2) that there was no evidence in the action against the parents from which a jury could infer that the parents should have known that the child's jumping constituted a danger that made a warning necessary.

The court would, under such circumstances, if the case had gone to trial, properly direct a dismissal of both causes of action at the close of the plaintiff's case, and a summary judgment of dismissal was warranted.

However, if it was the plaintiff's position, as it seems to be, that the facts, as set forth in her deposition and signed statement, did not in themselves defeat her cause of action, then the trial court erred in granting a summary judgment. In that event, her additional affirmative allegations, which if established would entitle her to prevail, not being challenged by the defendants, she was not required to show by affidavit what her evidence (in support of those allegations) would be.

Let us assume that the plaintiff has evidence that the child's jumping on people has caused one or several to fall. This might be strengthened by evidence that she enjoyed seeing them fall. This would certainly make a jury question as to the child's intent on the cause of action against her; and it would, with equal certainty, make a jury question as to the parents' knowledge of danger and duty to warn.

The question then, is: If such evidence exists, is the plaintiff required to produce it when the defendants' showing on their motion for summary judgment does not negate the existence of such additional evidence?

A brief statement of certain general principles relative to summary judgments, with which we are here concerned, may not be amiss. (The statements which are capitalized herein will be found to be supported by abundant authority, under a discussion of Federal Rule No. 56, in 6 Moore's Federal Practice (2nd ed.) § 56.15 p. 2101 *et seq.*)

■ THE FUNCTION OF THE SUMMARY JUDGMENT IS TO AVOID A USELESS TRIAL.

A TRIAL IS NOT USELESS BUT ABSOLUTELY NECESSARY WHERE THERE IS A GENUINE ISSUE AS TO ANY MATERIAL FACT.

■ It seems obvious that in situations where, though evidentiary facts are not in dispute, different inferences may be drawn therefrom as to ultimate facts such as intent,

knowledge, good faith, negligence, et cetera, a summary judgment would not be warranted.

■ We have here an exceptional tort case. There is no dispute as to the evidentiary fact of the child jumping from the chair on to the plaintiff; and, as indicated, the plaintiff concedes she must prove in the action, against the child, an intent to cause the plaintiff to fall; and, in the action against the parents, a knowledge that the child's jumping tendencies were dangerous. It is our view, as heretofore expressed, that the unchallenged evidentiary facts do not support an inference of intent, or knowledge of danger.

■ THE PURPOSE OF THE RULE IS TO PERMIT THE COURT TO PIERCE FORMAL ALLEGATIONS OF FACTS IN PLEADINGS, AND GRANT RELIEF BY SUMMARY JUDGMENT WHEN IT APPEARS FROM UNCONTROVERTED FACTS—SET FORTH IN AFFIDAVITS, DEPOSITIONS, OR ADMISSIONS ON FILE—THAT THERE ARE, AS A MATTER OF FACT, NO GENUINE ISSUES.

The foregoing would seem to indicate that the motion for summary judgment was intended to be used to pierce a formal allegation such as: the child

" . . . intentionally and with full knowledge of the probable effects thereof did jump . . . onto . . . the plaintiff . . . thereby knocking plaintiff to the floor . . . "

and that the parents "had full knowledge and awareness of a dangerous propensity of their said minor child for jumping upon and surprising other individuals." The question is whether the showing made by the defendants compelled the plaintiff to set out her evidence on these issues.

■ ONE WHO MOVES FOR SUMMARY JUDGMENT HAS THE BURDEN OF PROVING THAT THERE IS NO GENUINE ISSUE OF FACTS, IRRESPECTIVE OF WHETHER HE OR HIS OPPONENT WOULD, AT THE TRIAL, HAVE THE BURDEN OF PROOF ON THE ISSUE CONCERNED. *Dulansky v. Iowa-Illinois Gas & Electric Co.* (C. C. A. 8th 1951), 191 F. (2d) 881; *Dyer v. MacDougall* (C. C. A. 2nd 1952), 201 F. (2d) 265; *Plank v. Schifter* (D. C. E. D. Pa. 1949), 85 F. Supp. 397.

■ Under this general principle, there being no affi-

davit or showing that there was no other evidence available on the issues of intent and knowledge of danger, the plaintiff was technically justified in relying on the allegations in her pleadings of intent and knowledge of danger.

■ It is our feeling that the showing of the defendants simply established that, unless the plaintiff had testimony in addition to her own, she could not make a case for the jury; for failure of the moving party to sustain the burden of proof, the trial court should have denied the motion.

The disadvantages to all concerned—of the plaintiff's failure to make a forthright showing as to whether she had any evidence to support her allegations as to the child's intention, or the parents' knowledge of danger—now become apparent.

■ We feel impelled to set aside the summary judgment, lest there be evidence available that will support the plaintiff's allegations; yet, we are without the slightest idea as to whether such evidence actually exists. If she does not have such evidence, the appeal ultimately avails her nothing. If she had such evidence, she could have avoided an adverse summary judgment and the necessity of an appeal by filing affidavits establishing the existence of a genuine material issue.

■ The summary judgment rule will best serve its purpose when we all, bench and bar alike, become aware that, as Judge Hutcheson has said,

" . . . Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if *they really have evidence which they will offer on a trial,* it is to carefully test this out, in advance of trial *by inquiring and determining whether such evidence exists.* . . . " (Italics ours.) *Whitaker v. Coleman* (C. C. A. 5th, 1940), 115 F. (2d) 305, 307.

■ We need to understand, too, that pleadings, if properly challenged on the showing by the moving party,

will no longer carry a litigant to trial; for, in the words of Judge (later Justice) Cardozo:

" . . . The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial. . . ." *Richard v. Credit Suisse* (1926), 242 N. Y. 346, 152 N. E. 110, 45 A. L. R. 1041.

Summary judgment set aside without prejudice to renewal of motion.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.