[No. 36379. Department Two. December 5, 1963.]

VERNON L. ALMY *et al.*, *Appellants*, v. LEIV KVAMME *et al.*,
*Respondents.**

*Campbell & Gober*, by *James B. Gober*, for appellants.

*Ries & Kenison*, by *Charles T. Schillberg*, for respondents.

OTT, C. J.—The trial court granted a summary judgment in favor of the defendants. The plaintiffs' appeal poses one question: Was a genuine issue of a material fact resolved by the trial court in granting summary judgment?

The action was predicated upon alleged acts of misconduct on the part of the respondents which caused the appellants to suffer "great mental pain, embarrassment and anguish," to their damage. The answer of respondents denied the allegations of the complaint.

*Reported in 387 P. (2d) 372.

The record consists of affidavits, depositions, pleadings, and admissions which disclose the following facts: A mother about to give birth to a child advised her doctor and his wife (respondents) that she intended to relinquish the child for adoption by suitable parents, provided they had not recently adopted another child. The doctor and his wife undertook to find such parents. January 27, 1961, after the child was born, the adoptive parents (appellants) selected by the respondents came for the child. At the time they took the child, appellants stated that they were adopting another child of approximately the same age. The next day, January 28, 1961, the respondent wife telephoned the attorneys for the appellants and advised them that relinquishment for adoption would not be granted if the appellants were, in fact, adopting another child. Shortly thereafter, appellants did adopt a child of approximately the same age.

February 4, 1961, respondent wife made a formal demand upon appellants for the return of the child. Appellants refused to deliver the child to any person other than the mother. The mother, being advised of the demands of the appellants and desiring to remain incognito, then employed an attorney who obtained for her a superior court order of relinquishment to the Washington Children's Home. A representative of the Home obtained possession of the child from appellants.

The appellants contend that the mother did not give her consent to the adoption because of the "unlawful persuasion and other acts" of the respondents. The deposition of the mother was taken by appellants' counsel in the presence of respondents' attorney. She testified that, at the time she advised the respondents of her intention to consent to the adoption of her child when born, she imposed the condition that the adoptive parents could not adopt another child simultaneously. Upon learning of the appellants' intention in this regard, she requested that respondents have the child returned and that she remain unknown in the matter. She further testified that, when redelivery of the child to the respondents was refused, she engaged a lawyer of her

own choosing to obtain the return of the child by court order, and executed a written statement authorizing the respondents to assist in the accomplishment of her purpose. The evidence establishes that the respondents did assist the mother in this regard, but there is no showing of any unlawful conduct on their part.

In the light of the uncontradicted testimony of the mother in this respect, and her unqualified denial of any "unlawful persuasion" on the part of the respondents, there remained no genuine issue of fact in this regard.

Appellants' second contention is that respondents made slanderous statements concerning them. The statements relied upon occurred during the telephone conversation on February 4th, at which time the appellants alleged that respondent wife said to appellant wife that "she was an unfit mother, that she was selfish and that she was mean and didn't have the right to have any children, let alone two children."

Appellants contend this telephone conversation was overheard by Mrs. Gillerstrom and thus communicated. The affidavit of Mrs. Gillerstrom states that she did not overhear the conversation in question, nor had she ever heard either of the respondents make any derogatory statements concerning the appellants.

■ Assuming, arguendo, that the statements were slanderous, there was no evidence that they were heard by or communicated to any other person.

■ The appellants contend that the respondents invaded their right of privacy by unlawfully taking an active part in assisting the mother to obtain the return of her child. The appellants dealt with the mother through the respondents in becoming prospective adoptive parents. The mother's desire to remain unknown to the adoptive parents placed upon the respondents the duty to investigate into the private life and affairs of the parties they were recommending to the mother as fit parents, and to insist that the mother's condition for consent to the adoption be respected. The anticipated adoption involved the disclosure by appellants to the respondents of private affairs. Precisely

how appellants' right of privacy was invaded by respondents was not established. Under the facts of this case, their right of privacy was voluntarily waived.

■ Appellants' next assignment of error is that the pleadings state a cause of action for the respondents' intentional infliction of emotional distress upon appellants. This issue was not raised at the hearing on the motion for summary judgment, and cannot be considered for the first time on appeal. *Davis v. Sill*, 55 Wn. (2d) 477, 481, 348 P. (2d) 215 (1960), and cases cited.

Finally, appellants, in their oral argument on appeal, contended that the facts pleaded in the complaint established a conflict in the evidence which could not be resolved at the hearing on respondents' motion for summary judgment, and, further, that appellants were under no obligation to disclose the nature of these facts at the hearing.

■ The office of a summary judgment proceeding is to avoid a useless trial. It is to test, in advance of trial, whether evidence to sustain the allegations in the complaint actually exists. Evidentiary pleadings alone, if properly challenged by controverting affidavits, depositions, and admissions presented by the moving party, will not carry the issue of fact to a trial. The object of a motion for summary judgment is to separate the wheat from the chaff in evidentiary pleadings, and to establish, at the hearing, the existence or nonexistence of a genuine, material issue. *Preston v. Duncan*, 55 Wn. (2d) 678, 349 P. (2d) 605 (1960). Applying these rules to the record before us, we find no genuine issue of a material fact which would prevent the trial court from granting respondents' motion for summary judgment.

The judgment is affirmed.

DONWORTH, WEAVER, HAMILTON, and HALE, JJ., concur.