[No. 37381. Department One. February 18, 1965.]

E. T. REED, *Respondent,* v. FREDERICK STREIB *et al., Defendants,* KENNETH DAVIS *et al., Appellants,* WILLARD HATCH, *Respondent.**

*Reported in 399 P. (2d) 338.

*Gavin, Robinson, Kendrick & Redmond, Oscar A. Zabel,* and *Kenneth Davis,* for appellants.

*Melville Oseran* (of *Robbins, Oseran & Robbins*), for respondent Reed.

*W. C. Anderson* (of *Jones, Grey, Kehoe, Hooper & Olsen*), for respondent Reed's assignee.

*Robert B. Leslie* (of *Croson, Johnson & Wheelon*), for respondent Hatch.

HUNTER, J.—This appeal primarily involves a suit on a promissory note. On July 7, 1961, Kenneth Davis and Frederick Streib, and their wives, defendants, who hereafter will be referred to as Davis and Streib, respectively, executed as makers a $25,000 promissory note payable to plaintiff E. T. Reed. It was to mature July 7, 1963, with interest due quarterly at the rate of 6 per cent per annum. By terms of a written agreement entered into between Davis, Streib and Reed the note was given Reed in consideration for his loan of $25,000, which was to be used by Davis and Streib in promotion of a proposed Seattle hotel corporation. The tri-

partite agreement also provided that in the event such corporation were formed and successfully financed that Reed would have the option to take 20 per cent of its common stock in lieu of payment on the $25,000 note.

Davis and Streib planned to acquire Seattle's Earl Hotel and adjoining lot, remodel the "Earl," and construct an 80-unit addition on the lot. The promoters acquired the property and on November 21, 1961, formed the corporation as planned under the name, Heart of Seattle Hotel Co., Inc. They deeded over the property to the corporation. Stockholders were Davis, Streib, Lee Sutliffe (the supposed financial backer), and two others who are not involved in this appeal.

Almost from the beginning of the corporation, Davis was at odds with Streib and Sutliffe. At the root of the disharmony were Davis' persistent charges that Streib and Sutliffe were "looting" the corporation. The intracorporate battling worsened, and Streib and Sutliffe sued in King County (cause No. 584830) to enjoin Davis' interference in the management of the corporation. Davis filed a counterclaim in the nature of a stockholder's derivative claim, in which he alleged mismanagement by Streib and Sutliffe.

Davis then petitioned the federal district court for involuntary reorganization of the corporation. The federal court promptly stayed cause No. 584830, asserting paramount jurisdiction, and ordered that all matters at issue in the superior court trial be brought on for hearing and determination in the federal court proceeding. The federal court confirmed a plan for reorganization of the insolvent corporation, under which its assets were ordered transferred to Senfour Investment, of which Sutliffe was a member. Davis' "looting" charges were not passed upon in the order. Davis' 30 per cent stockholder's equity in Heart of Seattle Hotel Co., Inc., was lost in the transfer, along with the other stockholders' equities. Davis did not appeal that order, and it appears the stay order in the superior court suit (cause No. 584830) still stands.

The next step in the legal entanglement was this action. Reed filed suit on the note July 11, 1963, on defendants'

failure to pay the principal and final interest payment. Streib had paid seven consecutive quarterly interest payments of $375. Reed sued for $25,375, plus interest after maturity, reasonable attorney fees, costs and disbursements. Davis then moved as third-party plaintiff to join Sutliffe and Willard Hatch, as third-party defendants under Rule of Pleading, Practice and Procedure 14, RCW Vol. 0. Hatch was both an officer of the corporation and its counsel. The motion was granted. Davis filed his pro se responsive pleading, a 20-page document, which, in effect, comprised two parts.

The first portion was devoted to answering Reed's suit on the note. Davis denied delivery of the note, denied the money was owing, and denied that $2,500 was a reasonable attorney fee. He alleged as affirmative defenses: (1) failure of consideration on the note, and (2) that Reed had elected to take the stock option in 1962, thereby waiving any right to sue on the note and therefore was estopped and guilty of laches.

The second portion of the pleading contained allegations, conclusions and irrelevancies in which Davis sought to establish the existence of a conspiracy between Reed, Streib, Sutliffe and Hatch, the purpose of which was to deprive Davis of his interest in the hotel corporation. Davis alleged that the conspirators succeeded, attributing his loss of corporate interest in the reorganization proceedings to them. This interest, he claimed, was valued at $100,000. He therefore sought recovery in that amount from each of the alleged co-conspirators, by way of counterclaim against Reed, cross claim against Streib and third-party complaint against Sutliffe and Hatch.

Reed moved for judgment on the pleadings on his note claim against Davis alone. The trial court on August 29, 1963, granted Reed summary judgment against Davis on the note claim, treating Reed's motion for judgment on the pleadings as a motion for summary judgment in accord with Rule of Pleading, Practice and Procedure 12(c), RCW Vol. 0; dismissed Davis' counterclaim against Reed on Reed's motion and third-party complaint against Hatch

on Hatch's motion, each for failure to state a claim, and struck Davis' pleadings, in toto, on the following grounds alleged in Reed's motion: (1) failure to comply with Rule of Pleading, Practice and Procedure 8(e), RCW Vol 0, which requires pleadings to be simple, concise and direct; (2) failure to comply with Rule of Pleading, Practice and Procedure 12 (f), RCW Vol. 0, which authorizes the court to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter; and (3) for the reason that in their totality they were vague, hyperbolic, visionary and replete with evidentiary facts, hearsay and conclusions of law. Though neither made any motions, Davis' cross claim against Streib and third-party complaint against Sutliffe fell because of the order striking the pleadings and the trial court's oral statement: "In effect, I am disposing of the entire lawsuit."

The trial court denominated its dismissal of Davis' counterclaim against Reed and third-party complaint against Hatch as one for failure to state a claim. This was error since the trial court considered the affidavits, counter-affidavits, deposition and other matters outside the pleadings. Under such circumstances the motions were converted into motions for summary judgment and we treat them as such. Rule of Pleading, Practice and Procedure 12(b), RCW Vol. 0. *William J. Kelly Co. v. Reconstruction Finance Corp.*, 172 F. (2d) 865 (C.A. 1st); *Dinwiddie v. Brown*, 230 F. (2d) 465 (C.A. 5th).

Subsequent to judgment Reed assigned the note, cause of action and judgment to W. C. Anderson, attorney for Mrs. Streib.

Davis appeals. Respondents are Reed and his assignee, W. C. Anderson, and Hatch.

Errors assigned by Davis fall into three main categories: First, that the trial court erred in granting summary judgment on the note; second, it erred in dismissing Davis' conspiracy claims; and third, it erred in striking Davis' pleadings, in toto.

Davis first contends the trial court erred in entering summary judgment on the note because the note was

not introduced in evidence, the only evidence of it before the court being a photocopy attached as an exhibit to the complaint. This claim of error was not raised in the trial court. It will therefore not be considered on this appeal. *Malstrom v. Kalland,* 62 Wn. (2d) 732, 384 P. (2d) 613 (1963).

Davis next contends the trial court erred in granting summary judgment for the full amount of the note, since the evidence presented a genuine and material issue of fact on the question whether there was a partial failure of consideration in the amount of $2,500. We agree.

In his pleading, Davis stated that Reed had accepted a "kickback" from Streib, Davis' co-maker, pursuant to secret agreement, and consequently, paid in only $22,500. Reed admitted receiving $2,500 from Streib, but alleged in an affidavit, without supporting evidence, that it was a bona fide loan. There was, however, evidence that Reed had paid the full $25,000.

Considering the evidence and reasonable inferences therefrom in favor of the nonmovant, Davis, it presents a genuine issue of material fact. *Balise v. Underwood,* 62 Wn. (2d) 195, 381 P. (2d) 966 (1963). Reed failed to meet the burden of proving there was no such genuine issue on the question of whether the $2,500 payment was a bona fide loan or a "kickback."

It is not the trial court's function on a motion for summary judgment to resolve such a factual issue. *Jolly v. Fossum,* 59 Wn. (2d) 20, 365 P. (2d) 780 (1961). Therefore, the issue on the question of the alleged partial failure of consideration must go to trial. Should defendant prevail on this issue he would be entitled to a discharge, pro tanto. RCW 62.01.028; *Burton v. Dunn,* 55 Wn. (2d) 368, 347 P. (2d) 1065 (1960).

Davis' remaining contentions in relation to the note are patently frivolous and do not merit our further consideration. Summary judgment on the note to the extent of $22,500, together with accumulated interest thereon, was therefore proper.

Next, we consider Davis' contention that the trial court erred in dismissing his conspiracy claims against Reed and Hatch.

Davis urges that his pleading allegation that Reed received a $2,500 "kickback" by secret agreement raised a genuine and material issue of fact on the question whether Reed was linked with the purported conspiracy to wrest away his (Davis') corporate interest. Even treating the allegation as true there is no showing of any causal connection between such "kickback" or agreement and the purported conspiracy. The "kickback" was not material to the conspiracy issue. *Balise v. Underwood, supra,* p. 199.

Davis' remaining allegations, which he urges raised a genuine issue on the question of Reed's connection with the purported conspiracy, were strictly formal. Several appeared in the pleadings; one appeared in his counter-affidavit. The affidavit allegation is representative of the other allegations. After setting out, at length in his affidavit, evidentiary details in which he linked others with such conspiracy, but without mentioning Reed, Davis summed up by stating therein: ". . . all of this was done pursuant to the systematic campaign of Hatch, Streib, Mrs. Streib, *Reed,* and Sutliffe to injure and destroy Cross-Complainants' property as alleged in the complaint . . . these Cross-Defendants, as shown by Hatch's letter, and *all* of them, went out of their way to 'stir up strife and litigation' against the affiant to 'eliminate Davis from the Heart of Seattle . . .'" Davis underscored the words, "Reed" and "all." No amount of underlining, however, will substitute for evidentiary facts.

██ As movant, Reed had the burden of showing that there was no such genuine issue of material fact. *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605 (1960); *Jorgensen v. Massart,* 61 Wn. (2d) 491, 378 P. (2d) 941 (1963). Reed did this when, in his affidavit in support of the motion, he denied the existence of any such conspiracy as that alleged by Davis in the formal allegations of his pleading and affidavit, which were unsupported by allegations of evidentiary facts. Thereafter, Davis was not justified in relying upon

such bare allegations to carry him to trial. *Preston v. Duncan, supra.* The purpose of the summary judgment rule is to permit the court to pierce such formal allegations of facts in pleadings when it appears that there are no genuine issues. *Preston v. Duncan, supra.* Affidavits enjoy no special immunity and will be "pierced" under the same circumstances. *Murphy v. T. B. O'Toole, Inc.,* 47 Del. (8 Terry) 99, 87 A. (2d) 637 (1952). Pleadings and affidavits are indistinguishable, by virtue of the verification requirement in RCW 4.36.010. See 4 Washington Practice (Orland) 1963 pocket part, p. 59.

As we stated in *Lundgren v. Kieren,* 64 Wn. (2d) 672, 393 P. (2d) 625 (1964):

". . . the court pierces the formal allegations pleaded. Each party must furnish the *factual evidence* upon which he relies. *Almy v. Kvamme,* 63 Wn. (2d) 326, 329, 387 P. (2d) 372 (1963). . . ." (Italics ours.)

This has long been the prevailing view in the federal courts. *Surkin v. Charteris,* 197 F. (2d) 77 (C.A. 5th); *Whitaker v. Coleman,* 115 F. (2d) 305 (C.C.A. 5th). In 1963 it was made part of the federal rule on summary judgment, Federal Rule of Civil Procedure 56 (e), which provides:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Italics ours.)

The whole purpose of summary judgment procedure would be defeated if a case could be forced to trial by a mere assertion that an issue exists without any showing of evidence. 3 Barron and Holtzoff, Federal Practice and Procedure § 1235, p. 141.

Thus, on Reed's showing, it was incumbent upon Davis to respond with some showing that related evidence was available which would justify a trial on the issue. Since

Davis failed to so respond, summary judgment was properly entered against him on this issue.

However, on the basis of the evidentiary facts set out in Davis' affidavit, alone, a genuine issue of material fact was raised on the question as to whether Hatch had conspired with others to capture Davis' interest in the hotel corporation. Davis introduced a letter therein, which Hatch purportedly had written creditors of Davis suggesting methods by which they could acquire Davis' stock, and suggesting that if the creditors were successful, ". . . We have a party who is interested in acquiring Mr. Davis' interest in that stock and we are willing to pay $5,000 to acquire that stock. . . ."

We must treat this evidence as true, and giving it inferences most favorable to the nonmovant, Davis, it raises the inference that the "party" referred to in the letter was Hatch, Sutliffe, and Streib. A genuine issue of material fact therefore was raised as to Hatch's participation in the alleged conspiracy against Davis. *Balise v. Underwood, supra.*

■ Hatch contends he was improperly joined when the trial court ordered him in as a third-party defendant under Rule of Pleading, Practice and Procedure 14, RCW Vol. 0, and that dismissal as to him should be affirmed on that ground alone. We agree that neither he nor Sutliffe was properly joined under this rule. A defendant such as Davis is not permitted under it to assert an entirely independent and separate claim against a third party. In order that Rule 14 may apply the claim must originate in the assertion of a liability against the defendant which the defendant then attempts to pass on, in whole or in part, to the third party. *LaSalle Co. v. Kane,* 8 F.R.D. 625 (E.D.N.Y., 1949); 3 Washington Practice (Orland) 481. However, their joinder would have been proper under Rule of Pleading, Practice and Procedure 13(h), RCW Vol. 0.

■ Rule 13(h) provides that if the presence of additional persons, not parties, is *"required"* for the granting of complete relief in the determination of a cross claim, such

as that filed by Davis against Streib, then the court shall order them to be brought in as additional parties.

There is a division of authority as to the meaning of the word "required," as it appears in Rule 13(h). We adopt the more liberal view that the word "required" does not limit joinder to "indispensable," or even "necessary" parties, but includes parties whose presence would enable the court to grant complete relief to a defendant and avoid circuity of action. *S.P.A. Ricordi Officine Grafiche v. World Art Reproductions Co.,* 22 F.R.D. 312 (S.D.N.Y., 1958); *Aerojet-General Corp. v. Aero-Jet Products Corp.,* 33 F.R.D. 357 (N.D. Ohio, 1963); *United States v. Paul Tishman Co.,* 32 F.R.D. 223 (E.D.N.Y., 1963); *Electronic Detection Products, Inc. v. Chapin,* 26 F.R.D. 121 (C.D. Mass., 1959); *Value Line Fund, Inc. v. Marcus,* 161 F. Supp. 533 (S.D.N.Y., 1958).

■ Therefore, though joinder of Hatch and Sutliffe under Rule 14 was improper, such joinder would have been proper under Rule 13(h). We may sustain the trial court on a correct ground not considered by it. *Mooney v. American Mail Line, Ltd.,* 61 Wn. (2d) 181, 377 P. (2d) 429 (1963); *Heinlen v. Martin Miller Orchards,* 40 Wn. (2d) 356, 242 P. (2d) 1054 (1952). Accordingly, the ruling of the trial court will be sustained.

■ Davis contends the trial court erred in striking his pleadings, in toto, for the adjective reasons stated. Generally, the entire pleading should not be stricken under such circumstances, but only those portions which are objectionable. 2 Moore's Federal Practice (2d ed.) ¶ 12.21 note 23, p. 2316; contra, *Buckley v. Altheimer,* 2 F.R.D. 285 (N.D. Ill., 1942). Our research discloses that in the majority of the cases in other jurisdictions where the entire pleading of a party was stricken, leave to amend was granted. *Renshaw v. Renshaw,* 153 F. (2d) 310 (C.A. D.C., 1946). We agree with the majority view, *supra,* that leave to amend should be granted, in keeping with modern thinking that one should not be deprived of his day in court for purely adjective reasons. Therefore, though it was within the dis-

cretion of the trial court to strike such pleadings, it should have granted leave to amend.

Hatch contends the federal court assumed exclusive jurisdiction of the conspiracy issue. We have examined the record and find it insufficient to establish this contention.

In summary we hold as follows:

(1) The judgment of the trial court in favor of Reed against Davis on the note is affirmed to the extent of $22,500 and accumulated interest due on that amount; otherwise, it is reversed and remanded for trial (a) on the issue of whether Reed's receipt of $2,500 from Streib constituted a partial failure of consideration on the note in that amount and a redetermination of accumulated interest as related thereto; (b) for the allowance of reasonable attorney fees, as provided in the note, in light of the determination on the foregoing issue on the remand, and (c) for assessment of costs at the conclusion of the remand.

(2) The judgment of the trial court dismissing Davis' counterclaim in conspiracy against Reed is affirmed.

(3) The judgment dismissing Davis' conspiracy claim against Hatch is reversed.

(4) The judgment of the trial court striking Davis' pleadings is affirmed, but modified so as to give Davis leave to amend his conspiracy claims against Streib, Hatch and Sutliffe, and the cause is remanded for that purpose and for further proceedings thereon.

Costs on this appeal will abide the final determination of this cause.

HILL, DONWORTH, OTT, and HALE, JJ., concur.