[Nos. 2260-1; 2490-1.    Division One.    October 21, 1974.]

ANTHONY BERNAL et al., *Appellants*, v. AMERICAN HONDA MOTOR COMPANY, INC., et al., *Respondents*.

ANTHONY BERNAL et al., *Appellants*, v. AMERICAN HONDA MOTOR COMPANY, INC., et al., *Defendants*, HONDA MOTOR COMPANY, LTD., *Respondent*.

*Johnson & Crane, Ernest F. Crane, Belli, Ashe, Ellison, & Choulos, Herbert Resner,* and *Stephen Tabor,* for appellants.

*Guttormsen, Scholfield & Stafford* and *Jack P. Scholfield,* for respondents.

FARRIS, J.—On April 11, 1971, Anthony Bernal was a passenger in the rear seat of a Honda 600 automobile when it was struck from the rear by a Pontiac Firebird automobile. He suffered a spinal injury which resulted in his permanent paralysis from the chest down. His brother, also a passenger in the rear seat, died immediately following the impact.

Bernal sued American Honda Motor Company, the distributor, and Duane Hinshaw d/b/a Hinshaw's Honda, the retailer, on the basis of products liability, claiming the Honda 600 was an unsafe automobile. Honda Motor Company, Ltd. (Honda Giken Kogyo Kabushiki Kaisha), the Japanese parent company, was made an additional defendant. The trial court granted summary judgment for all defendants. Bernal appeals. The appeals have been consolidated.

It is not argued that there was a manufacturing defect in the automobile as that term is defined by Restatement (Second) of Torts § 402 A (1965).

Special Liability of Seller of Product for Physical Harm to User or Consumer
(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his

property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Rather, Bernal contends that the Honda 600 was defectively designed and that the defect was the proximate cause of "enhanced injuries."

American Honda's motion for summary judgment was argued and decided on the legal issue of whether this State recognizes a cause of action for "enhanced injuries" resulting from defective design of a product. The trial court held that it did not, relying on *Evans v. General Motors Corp.,* 359 F.2d 822 (7th Cir.), *cert. denied,* 385 U.S. 836, 17 L. Ed. 2d 70, 87 S. Ct. 83 (1966).

Subsequently, the Supreme Court and Division Three of this court have held that such an action can be brought in this jurisdiction. *See Baumgardner v. American Motors Corp.,* 83 Wn.2d 751, 522 P.2d 829 (1974) and *Seattle-First Nat'l Bank v. Volkswagen of America, Inc.,* 11 Wn. App. 800, 525 P.2d 286 (1974). In *Baumgardner v. American Motors Corp., supra* at 758, the court held that

a manufacturer can be held liable in negligence for design or manufacture defects which proximately cause enhanced injuries due to such defects.

The ruling of the trial court on that issue must therefore be set aside. However, we are required to uphold the trial court upon any ground substantiated by the record, whether or not that ground was the one considered dispositive by the trial court. *Reed v. Streib,* 65 Wn.2d 700, 709,

399 P.2d 338 (1965); *Mooney v. American Mail Line, Ltd.,* 61 Wn.2d 181, 183, 377 P.2d 429 (1963). Honda argues that the trial court properly granted the motion for summary judgment since Bernal failed to satisfy the requirements of CR 56. We must therefore examine the record to determine whether it sustains Honda's position.

The proponent of a motion for summary judgment has the initial burden of showing the nonexistence of a genuine issue of material fact. *Preston v. Duncan,* 55 Wn.2d 678, 349 P.2d 605 (1960). This is true, irrespective of who would have the burden at trial. *State ex rel. Bond v. State,* 62 Wn.2d 487, 383 P.2d 288 (1963). If the moving party makes an adequate showing, the nonmoving party plaintiff cannot rely on allegations in pleadings, but must respond with probative evidence. *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968); *Almy v. Kvamme,* 63 Wn.2d 326, 387 P.2d 372 (1963); *Tait v. KING Broadcasting Co.,* 1 Wn. App. 250, 255, 460 P.2d 307 (1969). *See also* Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington,* 45 Wash. L. Rev. 1, 11-16 (1970). The parties may present evidence from a wide range of sources in making their showing. In addition to affidavits, pleadings, depositions and admissions on file, which are specifically permitted by statute, judicial notice and the use of presumptions are also matters which may be considered. *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962); *Bates v. Bowles White & Co.,* 56 Wn.2d 374, 353 P.2d 663 (1960). Briefs of counsel are also useful in demonstrating the existence or nonexistence of a genuine issue of material fact. *See* Trautman, *supra* at 11.

If Honda carried its initial burden and Bernal came forward with rebuttal evidence in support of his pleadings, we must consider such evidence and all reasonable inferences therefrom in a light most favorable to Bernal. *See Hudesman v. Foley,* 73 Wn.2d 880, 441 P.2d 532 (1968); *Diel v. Beekman,* 1 Wn. App. 874, 465 P.2d 212 (1970). Bernal must nevertheless rebut sufficiently to raise a genu-

ine issue of material fact. *See Meadows v. Grant's Auto Brokers, Inc.,* 71 Wn.2d 874, 879, 431 P.2d 216 (1967); *Fisk v. Newsum,* 9 Wn. App. 650, 654, 513 P.2d 1035 (1973).

Thus, we must examine the record to determine whether (1) Honda sustained the initial burden of showing that there existed no genuine issue of material fact, and (2) if it did, whether Bernal countered with sufficient facts under an indulgent standard to again call into question a genuine issue of material fact.

Bernal contends that Honda failed to sustain its initial burden as the moving party because instead of filing affidavits, Honda relied entirely upon answers to interrogatories and depositions in violation of CR 56(c). We disagree. CR 56(c) provides that summary judgment

> shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . .

The argument that this standard applies only to the ultimate determination after the moving party has carried its burden and the opposing party has provided rebuttal evidence and not to the question of the moving party's success in carrying the initial burden is foreclosed by the use of the words "if any."

Although Honda had a duty to provide the consumer with an automobile that did not unreasonably threaten enhanced injuries, the question is does the record before us raise a question of fact as to (1) whether Bernal's injury was caused by the design of the Honda and (2) whether the design of the Honda 600 violated a standard of care. The absence of a causal link between the injury and the design of the automobile in Bernal's pleadings, a point well argued in Honda's brief, and the data presented concerning the severity of the 35 m.p.h. rear-end collision taken together satisfy Honda's initial burden of showing that no issue of material fact exists as to causation or violation of a standard of care. Honda thus presented arguments and evi-

dence sufficient to "[pierce] the formal allegations pleaded." *Lundgren v. Kieren,* 64 Wn.2d 672, 677, 393 P.2d 625 (1964).

The question then is has Bernal presented sufficient facts in support of his allegations and in rebuttal to Honda's arguments? The record reflects that he has not. Besides his pleadings, Bernal relies upon photographs of the Honda 600 after impact, the undisputed facts that the car weighed 1,350 pounds, was constructed of Fiberglas and reclaimed metals and the depositions of Steven Fleming, a passenger in the Pontiac Firebird, and Officer Christian, the investigating police officer, to make his case for defective design.

That evidence, without more, fails to raise a question of fact as to a material issue. The size and composition of the car does not create an issue of fact as to the existence of a design defect or the causation of injuries by the defendant. Cars vary in size and composition and that fact alone does not present an issue of *defective* design. Likewise, without more, the pictures, the unsubstantiated opinions of lay witnesses and the seriousness of the injury suffered do not raise a question regarding violation of a standard of care in designing the Honda. There is nothing in the record from which the trier of fact could either (1) formulate a standard of care owed by the manufacturer or designer to the user of his product or (2) define a standard whereby it can be determined whether such design defect, if any, caused the enhancement of injuries. Bernal's failure to present evidence sufficient to raise a question of material fact is fatal to his attempt to reverse the granting of the motion for summary judgment.

We find that the record here compares with the record before the court in *W.G. Platts, Inc. v. Platts, supra,* where the moving party made an adequate showing of no material issue of fact and the nonmoving party relied on allegations in pleadings.

In *Platts* the plaintiff alleged a continuing conspiracy. The claim was challenged by the defendants in the form of

an affidavit of the attorney for defendants who had handled the controversy between the parties for 10 years. The affidavit rebutted plaintiff's assertion of a continuing conspiracy by asserting that the acts complained of had happened many years prior and that therefore the current cause of action lacked an overt act sufficient to sustain it against a motion for summary judgment. The court held:

> This affidavit was sufficient to require the plaintiff to submit to the trial court for its appraisal any facts on which he intended to rely to establish the conspiracy claim, other than the nonactionable allegations of overt acts set out in his complaints. He did not do so. No genuine issue of fact was shown, and to allow the case to go to trial would have constituted error.

*W.G. Platts, Inc. v. Platts, supra* at 444.

This court in *Seattle-First Nat'l Bank v. Volkswagen of America, Inc., supra,* was faced with the identical problem as here discussed. The result differed because the plaintiff-opponent of the motion for summary judgment presented sufficient evidence on the disputed issues to raise a genuine issue of material fact as to all necessary elements of proof. Here that burden was not carried.

Affirmed.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied January 8, 1975.

Review pending by Supreme Court February 4, 1975.