[No. 2771-1.    Division One.    June 9, 1975.]

ASHWELL-TWIST COMPANY, *Respondent*, v. MARVIN BURKE et al, *Respondents*, AETNA CASUALTY & SURETY COMPANY, *Appellant*.

*Lee, Smart, Cook, Dunlap & Biehl, P.S., Inc., John Patrick Cook*, and *Richard M. Kovak*, for appellant.

*Rutherford, Kargianis & Austin* and *Don M. Gulliford*, for respondents.

FARRIS, J.—Ashwell-Twist initiated this action against Marvin Burke, Aetna Casualty & Surety Company and Fritz Daviscourt to recover a $2,485.60 balance due for services it performed at Burke's residence when, in January of 1972, the 70-year-old furnace in the home exploded. In its complaint, Ashwell-Twist alleged that it had satisfactorily performed repair services at the request of Gary Burke (Marvin Burke's son) and Fritz Daviscourt, an Aetna claims representative. In his answer, Burke denied that he had requested the repair work and alleged that, except for certain improvements, Aetna was responsible for the repair charges because of an "all-risk" homeowner policy issued by Aetna to Burke. Burke also sought to recover $2,000 he had paid Ashwell-Twist "under protest" when Aetna de-

nied coverage. In its answer, Aetna generally denied that Daviscourt requested Ashwell-Twist to repair the broken furnace and specifically alleged that the furnace explosion was not covered by the homeowner policy and that any representation by its agents concerning policy coverage was ineffective due to noncompliance with the statute of frauds.

On January 2, 1974, Ashwell-Twist moved for summary judgment against Aetna and, in support of its motion, submitted answers to interrogatories and an affidavit of its president, William Scott, wherein it was alleged that Gary Burke and Aetna, through Fritz Daviscourt and Earl Falk, ordered the work. On January 11, 1974, Aetna filed three affidavits and a brief in opposition to the motion for summary judgment. The motion was granted on January 15 and judgment was entered against Aetna for Ashwell-Twist in the sum of $2,485.60 plus costs and interest at 8 percent.

On January 18, Burke moved for summary judgment against Aetna. Burke's motion was granted on January 25 and judgment in the sum of $1,243.25 was entered. The judgment amount is the difference between the $2,000 advanced by Burke to Ashwell-Twist, less the costs of certain improvements, which Burke agreed were not covered by the homeowner policy.

Aetna moved for reconsideration of the order granting summary judgment against it in favor of Ashwell-Twist. (The record fails to clearly reflect whether a motion was made for reconsideration of the Burke-Aetna summary judgment.) Aetna's ground for reconsideration was its allegation that its affidavits in opposition to the motion, though timely filed, were not placed in the court file until after the motion for summary judgment was granted and, therefore, were not read and considered by the judge who granted the motion. The request for reconsideration was denied. Aetna appeals from both judgments.

We find no basis in the record to reverse the granting of Ashwell-Twist's motion for summary judgment against Aetna. The three affidavits filed by Aetna in opposition to

the motion do not controvert the assertion made by Scott, the president of Ashwell-Twist, that Falk, acting for Aetna, ordered Ashwell-Twist to proceed with the work. That allegation, if true, is sufficient to substantiate the judgment entered against Aetna for Ashwell-Twist. *See Ross v. Raymer*, 32 Wn.2d 128, 131, 201 P.2d 129 (1948), regarding an implied contract to pay the reasonable value of services performed.

█ Affidavits will be "pierced" on motions for summary judgment, *Reed v. Streib*, 65 Wn.2d 700, 399 P.2d 338 (1965); those submitted by the nonmoving party must sufficiently rebut the moving party's contentions if adequate themselves. *Bernal v. American Honda Motor Co.*, 11 Wn. App. 903, 527 P.2d 273 (1974). If such affidavits do not rebut the allegations, the motion will be granted even though the pleadings and proof of the motion's opponent are given the necessary presumptions. *See Bernal v. American Honda Motor Co.*, *supra*, and cases discussed therein. Scott's allegation that Aetna, through Daviscourt and Falk, ordered the repairs which Ashwell-Twist thereafter completed in a good, workmanlike manner for a reasonable charge in direct response to the order must be categorically denied to put the question in issue. The Daviscourt affidavit can be interpreted as denying that *Daviscourt* made the order but the failure to deny Falk's alleged acts is fatal to Aetna's appeal.

We find the record insufficient to support the granting of a summary judgment to Burke. The record reflects a material issue of fact as to whether the furnace explosion was covered by the homeowner policy. We find nothing from Burke to meet Aetna's allegation of no coverage under the policy. By so holding, we do not rule that the issue is incapable of resolution by the summary judgment process. However, where, as here, an allegation of no coverage is made, even an unrebutted allegation that Aetna ordered the work does not meet the issue of coverage in a dispute between the insurer and the insured. Neither introduced the insurance policy. Aetna might properly have done so in

support of its allegation of noncoverage; its failure to do so, however, is not fatal here since Burke relies only upon his allegations (1) of coverage and (2) that Aetna ordered the work. Aetna's denial of coverage was timely made and is sufficient to raise the issue. We find nothing in the record to decide the question.

The assertion made by Burke in his oral presentation to this court that Aetna, by ordering the work, is estopped to deny coverage was not argued to the trial court. We therefore do not consider it in our ruling.

Affirmed in part; reversed in part.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied November 3, 1975.