[No. 7887–9–I.   Division One.   January 26, 1981.]

TYNA MARIE PERCIVAL, *Appellant,* v. JOHN H.
BRUUN, ET AL, *Respondents.*

*Joseph A. Moschetto, Inc., P.S.,* and *Marijean Moschetto,* for appellant.

*Slade Gorton, Attorney General,* and *Angelo R. Petruss, Assistant, Andrew C. Gauen, Russell Metz,* and *John Biehl,* for respondents.

JAMES, C.J.—Plaintiff, Tyna Marie Percival, appeals the granting of a summary judgment of dismissal of her cause of action against Harborview Medical Center. We reverse.

Percival was returning home in an automobile driven by her husband when she became tired and fell asleep. While en route, her husband was arrested by the Washington State Patrol for driving while under the influence, and Percival was taken to Harborview Medical Center pursuant to the Uniform Alcoholism and Intoxication Treatment Act, RCW 70.96A.

Although the officer did not perform a sobriety test, he believed that because of the odor of alcohol on Percival's breath and her inability to stand, Percival was unable to take care of herself. Percival testified by affidavit that she has difficulty awakening because of a serious heart and circulatory problem.

Percival claims she informed the medical personnel at Harborview that she was a heart patient, and should not be given any medication. She also claims she showed them her medical alert tag. The doctor who conducted the detoxification evaluation noted alcohol on Percival's breath and diagnosed her to be suffering from acute alcohol intoxication. Following the evaluation Percival was taken to a King County alcohol treatment center at Firlands where she was confined for the next 1 1/2 days.

Percival thereafter commenced this action alleging various intentional torts and a deprivation of her civil rights. Harborview contended in a motion for summary judgment that her cause of action should be dismissed because Harborview was acting in good faith as a matter of law under RCW 70.96A.120(7):

> The police, members of the emergency service, or treatment facility personnel, who in *good faith* act in compliance with [the Uniform Alcoholism and Intoxication Treatment Act] are performing in the course of their official duty and are not criminally or civilly liable therefor.

(Italics ours.) The trial judge agreed with Harborview and dismissed the action.

Percival first argues that good faith under RCW 70.96A-.120(7) requires something in addition to the actor's subjective intent. We agree.

■ Although the term good faith is not defined in the Uniform Alcoholism and Intoxication Treatment Act, we conclude that it should be defined to include both a subjective and an objective element. In *Wood v. Strickland,* 420 U.S. 308, 321–22, 43 L. Ed. 2d 214, 95 S. Ct. 992 (1975), the court stated as to the good faith defense in civil rights actions commenced under 42 U.S.C. § 1983:

> The disagreement between the Court of Appeals and the District Court over the immunity standard in this case has been put in terms of an "objective" versus a "subjective" test of good faith. As we see it, the appropriate standard necessarily contains elements of both. . . . Therefore, . . . we hold that a [state official] is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [person] affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights . . .

*See Hearn v. Rhay,* 68 F.R.D. 574 (E.D. Wash. 1975). *See generally* Friedman, *The Good Faith Defense in Constitutional Litigation,* 5 Hofstra L. Rev. 501 (1977).

The good faith defense permitted in federal civil rights actions is analogous to the affirmative defense permitted by the Uniform Alcoholism and Intoxication Treatment Act. We adopt the same definition.

Percival next contends the trial court erred in determining that there was no material issue of fact as to whether Harborview was acting in good faith compliance with the Uniform Alcoholism and Intoxication Treatment Act.

■ Federal courts have held that summary judgment should not be used to resolve the issue of the defendant's good faith in actions under 42 U.S.C. § 1983. In *Shifrin v. Wilson,* 412 F. Supp. 1282, 1295 (D.D.C. 1976), the court stated:

A determination as to good faith involves a determination of a state of mind. "Inasmuch as a determination of someone's state of mind usually entails the drawing of factual inferences as to which reasonable men might differ—a function traditionally left to the jury—summary judgment often will be an inappropriate means of resolving an issue of this character." Similar considerations mitigate against the Court's deciding this issue on the basis of an affidavit and a deposition: "Much depends on the credibility of the witnesses testifying as to their own states of mind. In these circumstances the jury should be given an opportunity to observe the demeanor, during direct and cross–examination, of the witnesses whose states of mind are at issue." *In short, good faith in general and as a defense in actions for deprivations of civil rights, is almost always a question for determination by the fact–finder rather than the court on a motion for summary judgment.*

(Citations omitted. Italics ours.) *Accord, Milwaukee Mobilization for Survival v. Milwaukee County Park Comm'n,* 477 F. Supp. 1210 (E.D. Wis. 1979); *Pritz v. Hackett,* 440 F. Supp. 592 (W.D. Wis. 1977); Friedman, *The Good Faith Defense in Constitutional Litigation, supra* at 518–19.

In *Preston v. Duncan,* 55 Wn.2d 678, 681–82, 349 P.2d 605 (1960), the court stated:

It seems obvious that in situations where, though evidentiary facts are not in dispute, different inferences may be drawn therefrom as to ultimate facts such as intent, knowledge, *good faith,* negligence, et cetera, a summary judgment would not be warranted.

(Italics ours.)

A determination that the personnel at Harborview acted in good faith requires a showing that their belief that Percival was incapacitated by alcohol and in need of treatment was honest and reasonable. Percival claims that she informed the personnel at Harborview of her medical alert tag, that she was a heart patient, and that Harborview did not conduct sufficient tests to determine whether she was incapacitated and in need of treatment. We conclude that Percival has raised a material issue of fact as to whether

Harborview believed in good faith that she was incapacitated and in need of treatment.

Reversed.

RINGOLD and DURHAM, JJ., concur.

Reconsideration denied February 24, 1981.

Review denied by Supreme Court May 8, 1981.