IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICHAN RHODES, | ) | No. 77532-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT GOULD, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 25, 2019 |
| | ) | |

HAZELRIGG-HERNANDEZ, J. — A party seeking summary judgment may not raise new issues in rebuttal. Because the court improperly considered issues first raised in Robert Gould's reply brief, we reverse and remand.

## FACTS

Michan Rhodes hired attorney Robert Gould to represent her in a malpractice claim against Emily Rains. Rhodes and Gould executed a contingent fee agreement for the purposes of that representation. Rhodes explained the circumstances regarding her claim, including the fact that she had stopped paying Rains when she discovered the malpractice. Gould did not inform her that it was possible Rains would file a counterclaim if Rhodes filed suit.

Rains filed a counterclaim for unpaid wages and other matters. Gould withdrew from representing Rhodes eight months prior to the trial date. Rhodes

subsequently hired Lawrence Linville to represent her. Later, she dismissed Linville and hired Dan Young to represent her against Rains. Neither of the subsequent attorneys accepted a contingency fee agreement with Rhodes.

Rhodes won a judgment from Rains, but her attorney fees significantly exceeded the amount of the judgment. Rhodes filed this malpractice suit against Gould, alleging breach of contract, legal malpractice, Consumer Protection Act (CPA)[1] violations, and breach of fiduciary duty. The breach of contract, legal malpractice, and CPA claims were all dismissed on a summary judgment motion. Gould filed a second motion for summary judgment on the breach of duty claim. Gould argued that he did not breach his fiduciary duty by withdrawing as counsel. Rhodes did not argue in response that the withdrawal was a breach of fiduciary duty, but instead argued that Gould had breached his fiduciary duties by failing to disclose material information. Rhodes did not file any new motions or request cross summary judgment in response. Gould argued in reply that Rhodes had not shown proximate cause or damages as to the failure to disclose material information. Rhodes filed a motion to strike the reply, arguing that the court should not consider the proximate cause or damages issues because they were not raised in the initial motion for summary judgment. The court denied the motion to strike, deciding that Gould's reply was "reasonable, since Ms. Rhodes raised these issues in her Response." The court granted summary judgment on the basis that Rhodes had failed to meet the burden regarding proximate cause and damages.

---

[1] Chapter 19.86 RCW

## ANALYSIS

I.   Summary Judgment Procedure

We review summary judgment orders de novo, "'taking all facts and inferences in the light most favorable to the nonmoving party.'" Jackowski v. Borchelt, 174 Wn.2d 720, 729, 278 P.3d 1100 (2012), (quoting Biggers v. City of Bainbridge Island, 162 Wn.2d 683, 693, 169 P.3d 14 (2007)). "Summary judgment is appropriate only if the moving party shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Jackowski, 174 Wn.2d at 729 (quoting CR 56(c)). A material fact determines the outcome of the litigation in whole or in part. Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990), (citing Morris v. McNicol, 83 Wn.2d 491, 494, 519 P.2d 7 (1974)). "Any doubts as to the existence of a genuine issue of material fact is resolved against the moving party." Atherton Condo. Apt.-Owners Ass'n Bd. Of Dirs., 115 Wn.2d at 516.

The moving party bears the burden of raising "all of the issues on which it believes it is entitled to summary judgment." White v. Kent Med. Ctr., Inc., P.S., 61 Wn. App. 163, 168, 810 P.2d 4 (1991). "The court will ordinarily refuse to consider new issues raised by the moving party in its rebuttal to the response because the nonmoving party has no opportunity to respond." 14A KARL B. TEGLAND, WASH PRAC. CIVIL PROCEDURE §25.4, at 105 (2nd ed. 2009). If the moving party fails to raise all issues susceptible to resolution by summary

judgment, "it may either strike and refile its motion or raise the new issues in another hearing at a later date." White, 61 Wn. App. at 169.

The "'purpose [of summary judgment] is not to cut litigants off from their right of trial by jury if <u>they really have evidence which they will offer on a trial</u>, it is to carefully test this out, in advance of trial <u>by inquiring and determining whether such evidence exist</u>.'" Keck v. Collins, 184 Wn.2d 358, 369, 357 P.3d 1080 (2015) (emphasis in original) (quoting Preston v. Duncan, 55 Wn.2d 678, 683, 349 P.2d 605 (1960)) (citing Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir. 1940)).

White v. Kent Med. Ctr., Inc., P.S., controls the outcome of this case. In White, the defendant doctors moved for summary judgment. 61 Wn. App. at 167. After White filed responsive materials, defendants raised the issue of proximate cause for the first time in their reply brief. Id. The trial court erroneously granted summary judgment on the proximate cause issue. Id. at 169. The defendants in White argued that it was proper to address proximate cause in their rebuttal materials because evidence submitted by White in her response brief included testimony concerning causation. Id. at 168. This court found that "White's responsive materials did not seek summary judgment on or otherwise put into issue the question of proximate cause." Id. at 169.

Here, Gould failed to raise the issues of proximate cause or damages in its motion for summary judgment. Rhodes's response does not seek summary judgment or otherwise put into issue the questions of proximate cause or damages. Nowhere does Gould argue that it does. The trial court erred by considering the proximate cause and damages arguments raised in Gould's reply brief. If Gould

wished for the court to consider those arguments, Gould should have struck and refiled his motion or raised the new issues in another hearing at a later date.

Gould argues that his reply was properly considered by the court because Rhodes raised a different theory of breach of fiduciary duty than Gould addressed in his motion for summary judgment. But as the moving party, Gould bore the burden of raising every issue on which he was entitled to judgment as a matter of law. Gould's failure to address that claim in two successive summary judgment motions does not vitiate Rhodes' claim, nor does it permit the court to consider arguments first raised in a reply brief.

Gould relies on Molloy v. City of Bellevue for the proposition that raising an entirely new cause of action in response to a motion for summary judgment cannot be successful. 71 Wn. App. 382, 386, 859 P.2d 613 (1993). Molloy does not apply to this case. In Molloy, plaintiff responded to a motion for summary judgment by arguing a wrongful termination theory that was not present in the plaintiff's complaint. 71 Wn. App. at 386. Here, the claim that Gould breached his fiduciary duties to Rhodes by failing to disclose significant information to her is contained in the complaint.

Gould notes the dicta in Molloy that "even if the complaint did contain a claim for wrongful termination, this claim was subsequently abandoned by Molloy." 71 Wn. App. at 387. Gould argues that Rhodes abandoned her failure to disclose claim, relying on her response to the first motion for summary judgment and her deposition answers where she indicated at one point during examination that she was unable to recall what Gould had failed to disclose. However, Rhodes clearly

5

identified Gould's failure to warn her of the possibility of a counterclaim by Rains. And as discussed above, Rhodes did not bear the burden of raising the failure to disclose issue in response to the first summary judgment motion. Considering the evidence in the light most favorable to the nonmoving party, Rhodes, she has not abandoned this claim.

Gould requests attorney fees under RAP 18.1. As Gould is not the prevailing party, we decline to award any attorney fees.

The trial court based the order granting summary judgment on proximate cause and damages. Those issues were not properly before the court—therefore, we decline to reach them. We reverse and remand the order for further proceedings.

WE CONCUR: