# MARTIN BROS. CONTAINER AND TIMBER PRODUCTS CORP. *v.* STATE TAX COMMISSION

Irving Rand, Portland, Oregon, represented plaintiff.

Jann W. Carpenter and Theodore W. de Looze, Assistant Attorneys General, Salem, Oregon, represented defendant.

Decision for defendant rendered August 11, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an income tax deficiency assessed by defendant.

In 1963 a fire destroyed a sawmill and wood processing plant owned and operated by plaintiff in

Douglas County. The proceeds from fire insurance resulted in a substantial gain to plaintiff in 1963. The destroyed mill was replaced by a similar mill in the same location.

■■ The parties agreed that an involuntary conversion occurred under the provisions of ORS 316.295. That statute states that if, as a result of destruction, property is involuntarily converted into similar property no gain on the conversion shall be recognized. If the destroyed property is involuntarily converted into money and the taxpayer replaces the converted property by purchasing similar property, the gain, at the election of the taxpayer, is recognized only to the extent the amount realized on the conversion exceeds the cost of the replacement property. The amount received from the conversion must be reinvested into similar replacement property within "one year after the close of the first tax year in which any part of the gain upon the conversion is realized." However, if the taxpayer can show to the commission's satisfaction reasonable cause for not having reinvested within the required period of time the commission may extend the time.

■ Under the commission's Reg 316.295(3) (c) relating to the above statute the taxpayer is required to reinvest the gain on the conversion within one year after the close of the first taxable year in which any part of the gain on the conversion is realized or, pursuant to an application of the taxpayer, at the close of such later year as may be designated by the commission. The application for additional time to reinvest must be made prior to the expiration of one year after the close of the taxable year in which the gain was realized unless the taxpayer shows to the satisfaction of the commission (1) reasonable cause

for not having filed within the required time, and (2) the filing of the application was made within a reasonable time after the expiration of the required time.

Under the statute and the regulation the plaintiff was required to reinvest the insurance proceeds prior to December 31, 1964, because the gain on the conversion occurred in the tax year 1963. The plaintiff did not reinvest the proceeds within the required time nor did it file any application for an extension of time until April, 1966, approximately sixteen months after the required time had expired.

Plaintiff's application for the extension of time to reinvest was rejected by the tax commission on the grounds that plaintiff had waited an unreasonable length of time before making the application.

■■■ This case is a typical example of an involuntary conversion under ORS 316.295 and § 1033 of the Internal Revenue Code of 1954. An involuntary conversion occurs when property is destroyed by accident or seized in condemnation proceedings and the taxpayer receives insurance or a condemnation award. If the proceeds amount to more than the basis of the converted property there is a gain. Under ORS 316.295 (a) (and § 1033(a) (1) of the Internal Revenue Code) if the destroyed property is converted directly into other property similar or related in service or use to the original property, no gain is recognized. An example would be an exchange of condemned real property for similar real property. In such a case the nonrecognition of gain is mandatory. Reg 316.295(2) and Reg 1.1033(a)-2(b). When property is involuntarily converted into money as in the case where property is destroyed by fire and an insurance award is recovered, the taxpayer can elect to have the gain, or part of it, not recognized. 67-5 CCH ¶ 4625.01(2).

To do so he must replace the converted property with property similar "or related in service or use" within the time prescribed by statute.

■ Here the plaintiff's mill was destroyed by fire. Plaintiff did not receive another mill, it received money from the insurance award. The case does not fall within the provisions of subsection (1) (a) or ORS 316.295 but comes within the provisions of subsection (1) (b) because the destroyed property was converted into "money" as mentioned in that subsection. After the insurance proceeds were received plaintiff was required to reinvest in similar property within one year after the close of the first taxable year in which the gain was realized or to apply for an extension of time from the commission.

In both the original and the amended complaints the plaintiff alleged and the defendant admitted that an involuntary conversion occurred under the provisions of ORS 316.295. It was not a tax free exchange of property for like kind property under ORS 316.281 because plaintiff exchanged a sawmill for insurance proceeds. The allegations in the pleadings are correct. This is a case of an involuntary conversion of plaintiff's sawmill and the primary issue is whether the tax commission properly dismissed plaintiff's application for an extension of time in which to reinvest the insurance proceeds upon the grounds that it was not timely presented.

■ ORS 316.295 provides that the reinvestment must be made within the year after the close of the year in which the gain was realized, "unless the taxpayer can show to the *commission's satisfaction reasonable cause*" for not having done so within the required time or *"subject to such terms and conditions as may be specified by the commission,* at the close of such later

date *as the commission may designate* upon application of the taxpayer made *at such time and in such manner as the commission may by regulations prescribe.*" (Emphasis supplied) The regulation 316.295(3) (c) requires the taxpayer to show reasonable cause for not having filed his application within the prescribed time and also that the application must be filed within a reasonable time after the expiration of the required time, which in this case was December 31, 1964. It is obvious that the legislature has given substantial discretion to the tax commission to determine (1) if the taxpayer has shown good cause why the application was not timely filed and (2) whether he has applied within a reasonable time after the deadline has expired. In this respect the situation resembles an application to the court to set aside an order of default. In such case the moving party ordinarily shows the reason for the default and makes a timely motion to set aside such order. The court will consider the facts and exercise its discretion in deciding whether the order of default should be set aside.

■ Considering the discretion which the legislature has given to the tax commission this court in this instance should confine its review of the commission's denial of plaintiff's application to a determination of whether the commission exercised its discretion judiciously and not capriciously and arrived at no conclusion which was clearly wrong. *Bay v. State Board of Education,* 233 Or 601, 378 P2d 558 (1962) ; *Richardson v. Neuner,* 183 Or 558, 194 P2d 989 (1948).

■ There was evidence showing that the plaintiff in rebuilding the sawmill experienced various time-consuming difficulties with the acquisition and installation of certain new equipment. However, the plaintiff prior to December 31, 1964, applied to the

Internal Revenue Service and received an extension of time in which to reinvest. Apparently plaintiff was not familiar with the Oregon statute and the tax commission's regulation and did not make application to the tax commission for an extension of time until after sixteen months from the deadline, December 31, 1964.① Under the circumstances it cannot be said that the tax commission was arbitrary and capricious in denying the application.

The last issue between the parties involves the computation of the taxable gain to be recognized in 1963. Plaintiff received $490,631.77 from the fire insurance proceeds. Prior to the December 31, 1964, deadline for reinvestment without an extension of time, the plaintiff had reinvested $85,049.61 in the new sawmill. It had also spent $19,529.12 in clean-up costs after the fire.

ORS 316.295 states that "the gain shall be recognized only to the extent that the amount realized upon such conversion * * * exceeds the cost of such other [replacement] property."

The plaintiff would compute the taxable gain in 1963 as follows:

| | |
|---|---|
| Proceeds from fire insurance policies: | $490,631.77 |
| Depreciated basis of destroyed property: | –57,683.95 |
| | $432,947.82 |
| Less clean-up costs: | 19,529.12 |
| Net gain realized from fire: | $413,418.70 |

---

① It should be noted that the counsel representing plaintiff in this court did not represent the plaintiff until the case was filed in the Tax Court.

Less:
    Amount reinvested up to

| | | |
|---|---|---|
| 12/31/64: | $85,049.61 | |
| Clean-up costs: | 19,529.12 | $104,578.73 |

        Net taxable gain
           for 1963                      $308,839.97

■ The plaintiff's computation of the gain on the conversion is not correct. It is based on the difference between the *gain recognized* and the cost of the replacement property and not on the difference between the amount realized on the conversion and the cost of the replacement property as required by ORS 316.295. The plaintiff's error arose from confusing *recognized gain* with *amount realized*. The amount realized on the sale or other disposition of property is the money received and, if the seller also receives property, the fair market value thereof. ORS 316.260 and 317.210.

■ It is fundamental that the gain on a sale or other disposition of property is the amount realized on such sale or disposition *minus* the taxpayer's adjusted basis in the property. ORS 316.260 and 317.210. This figure then constitutes the recognized gain. ORS 316.275 and 317.225. These statutes state that all such gain is recognized except in special statutory cases where the legislature has decided to tax none or only part of the gain. Examples are like kind exchanges or involuntary conversions. In the latter cases the legislature has stated in ORS 316.295 and 317.249 that the gain is *recognized* only to the extent that the *amount realized* (the insurance proceeds) exceeds the cost of the replacement property.

The defendant computes the gain on the following basis:

| | | |
|---|---|---|
| Amount realized on conversion (fire insurance proceeds): | | $490,631.77 |
| Less: | | |
| Amount reinvested up to 12/31/64: | $85,049.61 | |
| Clean-up costs: | 19,529.12 | 104,578.73 |
| Amount of recognized gain: | | $386,053.04 |

■ The defendant's method is correct. It computes the recognized gain as the difference between the amount realized on the conversion ($490,631.77) and the cost of the replacement property ($85,049.61). The tax commission has conceded that the clean-up costs may be added to the cost of the replacement property. The defendant's computation follows ORS 316.295.