[No. 1030-2.    Division Two.    November 21, 1974.]

CARL BATES, JR., *Appellant,* v. GRACE UNITED METHODIST CHURCH, *Respondent.*

112

*Harold E. Winther* (of *Combs & Small*), for appellant.

*Bradford M. Gierke* (of *Johnson, Metzler & Gierke*), for respondent.

ARMSTRONG, J.—Carl Bates, Jr., commenced the instant action against the Grace United Methodist Church alleging that he sustained bodily injuries as a result of negligence in the maintenance of slippery snow-covered sidewalks on the premises of the parsonage. The church responded by denying any negligence on its part, and by alleging that the slip and fall was the result of plaintiff's contributory negligence. The issue on appeal is whether the trial court erred by granting the defendant's motion for summary judgment and dismissing the plaintiff's claim. We hold that on the basis of the pleadings, affidavits and deposition before the trial court, no genuine issue of material fact was established regarding the alleged negligence of the church. Therefore, the trial court did not err in granting the summary judgment.

The record reflects that following the taking of plaintiff Bates' deposition, the defendant filed its motion for summary judgment on the issue of liability. Defendant's affidavit in support of the motion was premised exclusively on the plaintiff's deposition, which was duly published and considered by the trial court. In opposition to the motion for summary judgment, the plaintiff also chose to rely on the deposition. Assuming the truth of the evidence asserted in plaintiff's deposition, and giving the plaintiff the benefit of all reasonable inferences therefrom, as we of course must do upon review of this summary judgment, the only

evidence before the court regarding the alleged negligence of the church may be summarized as follows.

The plaintiff, Carl Bates, Jr., was chairman of the governing board of the Grace United Methodist Church in Tacoma, Washington—a voluntary, unsalaried position. On Tuesday, January 25, 1972, the plaintiff was called by Reverend McLemore of the church to come over and help "unfreeze" various water pipes at the church's parsonage. This particular part of January had been a period of very cold and snowy weather in Tacoma. In fact, it had snowed considerably Monday evening, the night before the minister called Mr. Bates to help with the frozen pipes.

On the way to the parsonage, Mr. Bates stopped at the church and picked up some chemicals to use on the sidewalks at the parsonage to keep them free from ice and snow. The record reflects that at the parsonage there was a major sidewalk running parallel to the street, and from this sidewalk a second ran perpendicular up to the front of the parsonage. This second sidewalk involved several steps upward from street level.

While Mr. Bates was at the parsonage on Tuesday, January 25, he was successful in thawing the pipes so that the water was running when he left. While there he also applied some of the chemicals he had brought with him to several areas along both the sidewalks at the parsonage to demonstrate the proper use of the chemicals to the minister. Despite Mr. Bates' efforts, however, he was called back to the parsonage the following afternoon, Wednesday, January 26, because the pipes had frozen again. He arrived around noon and worked for 2 or 3 hours on the frozen pipes. After he had finished his work, and as he was walking back to his truck which he had parked in front of the parsonage, Mr. Bates slipped and fell on the street level sidewalk, 2 or 3 feet from the steps leading up to the parsonage walkway.

Plaintiff's deposition indicates that both upon arrival at the parsonage and upon returning to his truck, Mr. Bates

traversed the exact same route. The sidewalks were covered with snow when he arrived and were also covered with snow when he left. Mr. Bates did not recall whether any new snow fell while he was at the parsonage, and was unable to remember whether it had snowed Tuesday night after his first visit to work on the frozen pipes. He stated that he thought he left the parsonage at approximately the same walking speed as when he arrived, but that he did not slip when entering. As he was returning to his truck his right foot slipped out from under him and he fell backwards, twisting and breaking his left leg. He was wearing cowboy boots with a high heel at the time of the fall.

Given that the above facts were uncontroverted, and no further material facts were placed in issue by affidavit, deposition or otherwise, it is clear that the defendant's motion for summary judgment was properly granted on the basis that the record failed to disclose any genuine issue as to any material fact regarding the alleged negligence of the church. There is no factual dispute raised by this record as to whether the minister negligently applied the snow removal chemicals on either the first or second day, nor is a factual issue raised as to whether the minister negligently *failed* to use the chemicals as directed on either of the 2 days. Further, there is no factual issue raised as to when and how much it snowed during this period. It is established that it snowed prior to Mr. Bates' initial visit, but thereafter one may only speculate as to the conduct undertaken by the church to deal with this situation. In this record there is no genuine issue as to any material fact upon which negligence of the church could be predicated.

■ In his brief and in oral argument before this court, plaintiff seems to argue that since there are several "unanswered questions" in this case, *e.g.*, when and how much did it snow and what did the minister do about it, there are genuine issues of fact which preclude the granting of a summary judgment. However, plaintiff's equation of "unanswered questions" with "genuine issues of material fact"

belies a perhaps too frequently held misconception of the nature of the summary judgment procedure. It is true that the burden is on the party moving for summary judgment to demonstrate that there is no genuine dispute as to any material fact, and that all reasonable inferences from the evidence must be resolved against the moving party. *Morris v. McNicol*, 83 Wn.2d 491, 494, 519 P.2d 7 (1974); *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d 140, 500 P.2d 88 (1972). However, this does not mean that the party moving for summary judgment is compelled to meet every speculation, conjecture or possibility by alleging facts to the contrary. When the defendant supported his motion for summary judgment with the deposition of the plaintiff, the defendant was essentially declaring that he had no dispute with any of the material facts asserted in that deposition, and that even if all the material facts therein were assumed to be true, the defendant was entitled to judgment as a matter of law. At that point, if the plaintiff did not agree that the cause should be determined as a matter of law solely on the facts set forth in the uncontroverted deposition, and wished to contend that there were genuine issues as to various additional material facts which would establish defendant's negligence, it was incumbent upon the plaintiff to create a genuine dispute by properly setting forth such facts. Although the burden is initially upon the party moving for summary judgment, once this burden is met, the nonmoving party may not successfully oppose the motion by nakedly asserting that there are unresolved factual questions. As recognized in *Reed v. Streib*, 65 Wn.2d 700, 707, 399 P.2d 338 (1965), the whole purpose of summary judgment procedure would be defeated if a case could be forced to trial by a mere assertion that an issue exists without any showing of evidence. Accordingly, it has long been the rule that each party must furnish the factual evidence upon which he relies. *Lundgren v. Kieren*, 64 Wn.2d 672, 677, 393 P.2d 625 (1964). The plaintiff in this case was required to set forth specific facts showing there was a genuine issue of

material fact for trial if he wished to avoid this summary judgment. *Plaisted v. Tangen,* 72 Wn.2d 259, 432 P.2d 647 (1967).

Since the record before the trial court did not disclose that the parties were "disputing" any material issue of fact that would establish the defendant's negligence, the trial court correctly made its ruling as a matter of law. The uncontroverted facts before the court were insufficient as a matter of law to hold that the defendant negligently acted or failed to act. It is therefore unnecessary for this court to address the issue of the plaintiffs alleged contributory negligence.

The judgment is affirmed.

PEARSON, C.J., and PETRIE, J., concur.