Argued December 5, affirmed December 31, 1974, petition for
rehearing denied January 28, 1975

IN THE MATTER OF THE ESTATE OF WLLIAM E. JONES.
JONES, *Appellant, v.* JONES ET AL, *Respondents.*
530 P2d 34

*Grant V. Mumpower,* Oregon City, argued the cause for appellant. With him on the brief was Gordon M. MacLaren, Portland.

*Donald Winfree* of Welsh & Winfree, Portland, argued the cause and filed the brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

TONGUE, J.

This is a proceeding in the probate court to determine whether the stepchildren of the decedent were his "dependents" at the time of his death on March 10, 1967, within the meaning of the provisions of the Oregon Wrongful Death Act then in effect and prior to subsequent amendments of that statute. See ORS 30.020. Petitioner appeals from an order holding

that the stepchildren were not "dependents" for the purposes of that statute. We affirm.

At the time of his death the decedent was survived by a widow, by children from his first marriage, and by children of his widow. These latter children, decedent's stepchildren, had never been adopted by him, although they had lived with him and his second wife (their mother) and he contributed to their support.

Petitioner, who is decedent's widow and the personal representative of his estate, contends that the trial court erred "in ruling that, as a matter of law, the stepchildren were not within the meaning of 'dependents' as set forth in the Oregon Wrongful Death Act as it existed on March 10, 1967."

The original Oregon Wrongful Death Act, adopted in 1862, made no specific reference to either "widow" or "dependents," but provided that "when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action * * * for an injury caused by the same act or omission."[1] That act was uniformly construed by this court as requiring evidence of a "pecuniary loss" to the estate of the decedent.[2]

In 1939 that statute was amended to provide that an action for wrongful death might be maintained "for the benefit of the widow or widower and *dependents* and in case there is no widow or widower, or surviving *dependents,* then for the benefit of the estate

---

[1] Deady, General Laws of Oregon 1845-1864, § 367. For history of Oregon Wrongful Death Act, see Goheen v. General Motors Corp., 263 Or 145, 502 P2d 223 (1972).

[2] See Goheen v. General Motors Corp., *supra* note 1 at 156-165.

of the deceased."[3] Those provisions of that statute were in effect on the date of decedent's death on March 10, 1967, as ORS 30.020.

In 1967 the statute was again amended, but the reference to "widow or widower, dependents or estate" was retained.[4] No significance is attached by the petitioner to the 1967 amendments.

In 1973, however, the words "widow, or widower and dependents" were replaced by the following words:

"* * * surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, * * *."[5]

Petitioner says that:

"The 1973 law is at best a plain, unambiguous and precise group of words of what was formerly a general and ambiguous word, expressive of a large class; the legislature must have intended that it meant exactly what it said and that it was delineating a former general and ambiguous word. * * *"

It is contended by the petitioner, however, that:

"Before 1939 and after 1973 the statute apparently meant to provide for heirs and lineal descendents, specific words which had never included step-children, dependent or not. Between those dates, however, use of the much broader word, 'dependents', was meant, it is contended, to include any one who was in fact dependent upon the decedent, legally or morally. * * *"

---

[3] Oregon Laws 1939, ch 466, § 1, p 916.

[4] Oregon Laws 1967, ch 544, § 1, p 1317.

[5] Oregon Laws 1973, ch 718, § 2, p 1662, now ORS 30.020.

■ Upon our review of the history of the Oregon Wrongful Death Act, including the amendments adopted in 1939, we find nothing to suggest that the 1939 Oregon Legislature, by the use of the term "widow or widower and dependents," intended to expand the class entitled to recover as direct beneficiaries under that act beyond the spouse and children of the decedent or that it intended to include as "dependents" any person to whom the decedent had no legal obligation to support, but at most some "moral obligation."

■ We also find nothing in the legislative history of the amendments adopted in 1973 to suggest that the legislature, by the use of the term "surviving widow, surviving children, surviving parents and other individuals * * * entitled to inherit * * *" had any intent other than to more specifically define the class of persons previously entitled to recover under that act or that it intended to make any change in the law in that respect so as to deny benefits under the act to any persons previously entitled to such benefits. Indeed, the contrary appears from the minutes of the Judiciary Committee of the Oregon Senate, including the statement by the sponsor of the bill which proposed those amendments.ⓔ

---

ⓔ The following appears from the record of a meeting of the Senate Committee on Judiciary on June 8, 1973, in reporting the testimony by Rep. Hampton, as the sponsor of House Bill 2350:

"Under present law a wrongful death action is brought by the personal representative of the decedent's estate. The benefit of surviving spouse and dependents or for the benefit of the estate if there is no surviving spouse or dependent. Present law leaves ambiguous the meaning of the term 'dependents' and in effect denies recovery on behalf of a child who has achieved majority but nevertheless realizes substantial loss because of the wrongful death of the parent. The bill makes it clear that a child is permitted to recover irrespective of dependency status, but the recovery is limited to amounts which would justly, fairly and reasonably compensate the child."

■ Petitioner urges that we consider the provisions of statutes in this and other jurisdictions and decisions by courts construing them. Although those statutes and cases are of interest, by way of analogy, we are bound by what we believe to be the intent of the Oregon legislature as shown by the terms used by it in enacting the Oregon Wrongful Death Act and the subsequent amendments to that act, as previously set forth.[7]

■ For these reasons, we hold that the trial court was correct in its order to the effect that under the provisions of the Oregon Wrongful Death Act, as they existed as of March 10, 1967, decedent's "stepchildren" were not entitled to recovery as "dependents" of the decedent.

Affirmed.

---

[7] See also Goheen v. General Motors Corp., *supra* note 1 at 155, n. 19.