# NATIONAL METALLURGICAL CORP., *Appellant,*
## *v.*
# DEPARTMENT OF REVENUE, *Respondent.*
## (No. 1084, SC 25343)

577 P2d 941

Scott M. Galenbeck, Springfield, argued the cause for appellant. With him on the brief was Lively & Wiswall, Springfield.

James A. Manary, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Joseph, Justice Pro Tempore.

JOSEPH, J., Pro Tempore.

**JOSEPH, J.,** Pro Tempore.

This is an appeal from a tax court decision upholding the determination of the Director of the Department of Revenue that taxpayer's failure to file for an exemption in a timely manner was not by reason of good and sufficient cause under ORS 307.475.[1] Taxpayer contends that the court erred in applying the abuse of discretion standard for review and in applying ORS 307.475 so as to uphold denial of the late application for exemption.

National Metallurgical Corporation operates a smelting and manufacturing plant in Springfield, Oregon. In April, 1974, plaintiff began the construction of expanded facilities, which was substantially completed in March, 1975. Plaintiff therefore would have been entitled to a property tax exemption for 1975 under ORS 307.330(1)[2] upon filing documentary

---

[1] "(1) Any taxpayer may apply to the Director of the Department of Revenue for a recommendation that the value of certain property be stricken from the assessment roll and that any taxes assessed against such property be stricken from the tax roll on the grounds of *hardship.*

"(2) As used in this section, 'hardship' means a situation where property is subject to taxation but would have been exempt had there been a timely filing of a valid claim for exemption or cancellation of assessment, and where the failure to make timely application for the exemption or cancellation was by reason of *good and sufficient cause.*

"* * * * *

"(4) If the director, in his discretion, finds that tax relief should be granted on the grounds of hardship, he shall send his written recommendation to the assessor of the county in which the property is located. * * *" (Emphasis supplied.)

[2] "Except for property centrally assessed by the Department of Revenue, each new building or structure or addition to an existing building or structure is exempt from taxation for each year of not more than two consecutive years if the building, structure or addition:

"(a) Is in the process of construction on January 1;

"(b) Is not in use or occupancy on January 1;

"(c) Has not been in use or occupancy at any time prior to such January 1 date;

"(d) Is being constructed in furtherance of the production of income; and

[ 319 ]

proof of eligibility by April 1, as required by ORS 307.340.[3] Plaintiff did not file for the property tax exemption by that date, due to a misunderstanding between the taxpayer's local plant manager and its accountant as to whose responsibility it was to file the application.

■■ Having missed the April 1 deadline, taxpayer applied for a hardship exemption under ORS 307.475. The Director of the Department denied plaintiff's application for hardship relief, stating in part:

> "* * * 'Misunderstanding' between responsible officials is in my opinion comparable to inadvertence * * * and does not constitute good and sufficient cause within the meaning of ORS 307.475."

Thereafter, taxpayer took the matter to the tax court. On a stipulated record, the court held that the Department had not abused its discretion by denying hardship relief.

Plaintiff's first contention is that the trial court erred in applying abuse of discretion as the appropriate standard of review. ORS 305.425(1) and (2) describe tax court proceedings as follows:

> "(1) All proceedings before the court shall be original, independent proceedings and shall be tried without a jury and de novo.
>
> "(2) If a statute provides for an appeal to or a review by the court of an order or determination of the Department of Revenue or of any other administrative agency, the proceeding shall be an original proceeding in the nature of a suit in equity to set aside such order or determination. * * *"

---

"(e) Is, in the case of nonmanufacturing facilities, to be first used or occupied not less than one year from the time construction commences. Construction shall not be deemed to have commenced until after demolition, if any, is completed."

[3] "The property described in ORS 307.330 shall be listed for ad valorem taxation, but the assessor shall cancel the assessment upon receipt of sufficient documentary proof that the property meets all of the conditions contained in ORS 307.330. Such proof shall be filed with the assessor on or before April 1 of such year. * * *"

This court has previously decided that where the legislature has given the Department of Revenue (then the Tax Commission) discretion, the function of a reviewing court is to decide whether there has been an abuse of that discretion even though the proceeding is denominated "de novo." *Martin Bros. v. Tax Commission,* 252 Or 331, 338, 449 P2d 430 (1969), affirming 3 OTR 111 (1967).

ORS 307.475 clearly entrusts discretion to the agency, and exercise of such discretion has been accorded limited review by this court and the tax court. *Martin Bros., supra; Rogue River Pack. v. Dept. of Rev.,* 6 OTR 293 (1976); *Pratum Co-Op Whse. v. Dept. of Rev.,* 6 OTR 130 (1975). In that limited review, the issue is whether the agency exercised its discretion injudiciously or capriciously or arrived at a conclusion which was clearly wrong. *Martin Bros., supra,* at 338; *Richardson v. Neuner,* 183 Or 558, 564, 194 P2d 989 (1948). We conclude that the tax court did not err in applying the abuse of discretion standard for review.

We turn then to the second claimed error. The stipulated facts show the plant manager was responsible for filing for the ORS 307.330 property exemption and that when he retained a local certified public accountant he thought that he delegated the duty to that accountant. The local accountant thought the company's national accounting firm was supposed to file for the exemption. As a result no application was made.

Taxpayer regards the described situation as presenting a mistake of fact entitling it as a matter of law to relief under ORS 307.475. Assuming that the facts did constitute a mistake of fact, no authority under ORS 307.475 is cited to support the contention that such a mistake entitles a taxpayer to automatic relief. On the contrary, the process of determining whether the prerequisites for eligibility for a "hardship" exemption can be described as fact finding. *See Rogue River Pack. Corp., supra,* at 298. The legislature

has entrusted the Director of the Department with discretion to make the determination of good and sufficient cause, and we will not substitute our judgment for that of the Director by holding that a mistake of fact *ipso facto* qualifies a taxpayer for a "hardship" exemption. The tax court did not err in its application of ORS 307.475.

Affirmed.