[No. 5714-1. Division One. October 30, 1978.]

PATRICIA L. KLOSSNER, *Individually and as Executrix, Appellant,* v. SAN JUAN COUNTY, *Respondent.*

690

*Aiken, St. Louis & Siljeg* and *Douglas W. McQuaid,* for appellants.

*Owen A. Johnson,* for respondent.

DORE, J.—On August 30, 1974, Dean L. Klossner died as a result of injuries that occurred while he was driving a gasoline truck along "Schaeffer's Stretch" on Orcas Island County Road No. 4. Actions for wrongful death and personal injury were filed by the executrix of his estate, Patricia L. Klossner, against San Juan County after the county rejected her claim for damages.[1] Her unverified complaint alleged negligence in the design, construction and maintenance of the road, its shoulder area and an adjoining ditch. She alleged that said negligence, together with the negligent failure to post warning signs, directly caused the death of the decedent. Two of the alleged beneficiaries of the actions were unadopted stepchildren of the deceased.

---

[1]To the extent the complaint purports to be filed by several persons in their individual capacities, we note that a surviving personal injury action and a

Klossner appeals from an order granting summary judgment to the county. In its motion, the county did not submit its own evidence but rather relied upon Klossner's verified answers to interrogatories. In opposition, Klossner submitted the county's answers to interrogatories. The county's answers, however, did not give rise to a genuine issue of material fact. In effect, the matter was submitted on the question of whether the county could meet its burden on a motion for a summary judgment by relying on Klossner's answers to interrogatories to obtain summary judgment.

## Issues

1. Is there any competent evidence which tends to show that the death was proximately caused by the county's negligence?

2. By relying on plaintiff's answers to interrogatories, has defendant negated the material issue of whether or not plaintiff's case can be proven with evidence based upon personal knowledge?

3. Can unadopted stepchildren recover damages for the death of their stepfather?

## Facts

The following alleged facts appear in Klossner's answers to interrogatories, indicating that the negligence of the county caused the death of the decedent: (1) Cracks at the edge of the road were not repaired; (2) there was no shoulder; (3) brush near the edge of the road was not removed which made it appear as though there were a shoulder; (4) an improperly maintained drainage ditch concealed the danger; (5) there were no guardrails nor warning signs; and (6) there had been at least two prior similar accidents at or near the accident point. In addition, the interrogatories, as answered, describe in detail the action of the truck during the accident and the effect of the road's defects on the path

wrongful death action can only be filed by the personal representative of the estate for the benefit of or in favor of certain designated beneficiaries. RCW 4.20-.010, 4.20.020, 4.20.046, 4.20.060.

of the truck. These answers and accompanying verification were silent on the question of whether the answers were based upon personal knowledge. There were no eyewitnesses to the accident.

## DECISION

■ ISSUE 1: The county contends that the record is devoid of evidence on how the accident occurred, and there can only be speculation or conjecture to connect the condition of the road with the cause of death. Precise knowledge of how an accident occurred, however, is not required to prove negligence and all elements, including proximate cause, can be proved by inferences arising from circumstantial evidence. *Raybell v. State,* 6 Wn. App. 795, 496 P.2d 559 (1972). The question of whether or not the defendant's conduct caused plaintiff's harm is generally a question of fact. *Moyer v. Clark,* 75 Wn.2d 800, 804, 454 P.2d 374 (1969). It is only when the inferences are plain that proximate cause is a question of law. *Leach v. Weiss,* 2 Wn. App. 437, 440, 467 P.2d 894 (1970).

■ If any genuine issue of material fact exists, there must be a trial. *Costanzo v. Harris,* 71 Wn.2d 254, 427 P.2d 963 (1967). In the application of this rule, Klossner is entitled, as the nonmoving party, to the benefit of another rule that all reasonable inferences from the evidence must be drawn in her favor. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). The county contends that the only inferences which can be drawn from the record are purely conjectural and, therefore, insufficient. *Schneider v. Rowell's, Inc.,* 5 Wn. App. 165, 167–68, 487 P.2d 253 (1971). However, the county did not submit its own affidavits and relies on Klossner's answers to interrogatories to support its motion. From the interrogatories one can draw the reasonable inference that the accident was caused by the negligent maintenance of the road and its shoulder and by the failure of the county to adequately warn drivers of the danger. Thus, the motion for summary judgment was improperly

granted unless the interrogatories could not be considered by the trial court.

ISSUE 2: The county contends that, even if the answers to the interrogatories permit an inference that the county's negligence was the proximate cause of the accident, the aforementioned evidence is inadmissible because it is not based on the personal knowledge of the witness, Patricia Klossner. CR 56(e). The county argues that once it shows this lack of personal knowledge by relying on the answers to the interrogatories, it becomes Klossner's duty to controvert it by submitting admissible evidence of the county's actionable negligence. Upon her failure to submit such evidence, the county contends it has shown that no material issue of fact exists because Klossner cannot show a prima facie case.

On a motion for summary judgment the burden is on the moving party to show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963). One who moves for summary judgment has this burden of proof irrespective of whether he or his opponent has the burden of proof at trial. *Balise v. Underwood, supra.* When one meets this burden of proof, it is incumbent upon the nonmoving party to submit evidence to the trial court, and upon failure to do so, judgment is properly entered for the movant. *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 441–44, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). Upon the moving party's failure, however, to meet its initial burden of proof, it is unnecessary for the nonmovant to submit any evidence and the motion must be denied. *Jacobsen v. State,* 89 Wn.2d 104, 110, 569 P.2d 1152 (1977); *Preston v. Duncan,* 55 Wn.2d 678, 682–83, 349 P.2d 605 (1960).

The county elected to rely solely on Klossner's answers to interrogatories to support its motion.[2] By so

[2] *Compare American Linen Supply Co. v. Nursing Home Bldg. Corp.,* 15 Wn. App. 757, 551 P.2d 1038 (1976) where the moving party attempted to rely on its *own* answers to interrogatories with *Preston v. Duncan, supra.*

doing the county admits, for the purposes of their motion, the answers and all reasonable inferences that can be drawn therefrom. *Bates v. Grace United Methodist Church,* 12 Wn. App. 111, 115, 529 P.2d 466 (1974).

We conclude that it was not necessary for Klossner to controvert the county's evidence because the county never met its burden of negating the existence of admissible evidence to prove Klossner's case. *Jacobsen v. State, supra, Preston v. Duncan, supra.* Summary judgment was improperly granted to the county.

■ ISSUE 3: While holding that "child or children" in the wrongful death statute, RCW 4.20,010, 4.20.020, includes illegitimate children, our Supreme Court stated that the term encompassed all natural or adopted children of the decedent. *Armijo v. Wesselius,* 73 Wn.2d 716, 719, 440 P.2d 471 (1968). The statute is not capable of further construction to include unadopted stepchildren. Under statutes similar to Washington's, it is the uniform rule that unadopted stepchildren are not beneficiaries of a wrongful death action. *Steed v. Imperial Airlines,* 12 Cal. 3d 115, 524 P.2d 801, 115 Cal. Rptr. 329, 68 A.L.R.3d 1204 (1974), *appeal dismissed,* 420 U.S. 916, 43 L. Ed. 2d 387, 95 S. Ct. 1108 (1975), *Jones v. Jones,* 270 Ore. 869, 530 P.2d 34 (1974); *Flores v. King,* 13 Md. App. 270, 282 A.2d 521 (1971). Only under a statute allowing recovery for "persons to whom the deceased stood in loco parentis" has recovery for an unadopted stepchild been allowed. *Moon Distribs., Inc. v. White,* 245 Ark. 627, 434 S.W.2d 56 (1968). *See generally* Annot., 68 A.L.R.3d 1220 (1976). Washington's survival statute, RCW 4.20.046, 4.20.060, like the wrongful death statute, provides that the action is for the benefit of the surviving "child or children." It should, accordingly, receive an identical interpretation of "child or children."

Klossner stated in her answers to interrogatories that Laura and Leo Babin are the unadopted stepchildren of the deceased. By relying on this evidence, the county has maintained its burden of proof. Klossner does not contro-

vert the evidence so summary judgment is proper insofar as it removes the Babins as beneficiaries of the two causes of action.

The order granting summary judgment to the county is reversed except for that portion of the order granting summary judgment of dismissal against Laura and Leo Babin which is affirmed.

ANDERSEN, A.C.J. (concurring in the result)—This case is not yet ripe for decision. Before a court can apply the law and determine whether liability can be decided on a motion for summary judgment, it must first have an adequate factual basis for doing so. There is no such basis here.

Essentially the only "facts" before the court are each party's answers to the other's interrogatories. We recently held in *American Linen Supply Co. v. Nursing Home Bldg. Corp.*, 15 Wn. App. 757, 551 P.2d 1038 (1976), that although CR 56 neglects to mention that a court may consider answers to interrogatories in ruling on motions for summary judgment, such answers may nevertheless be used. We were, however, careful to point out in that case that before such answers can be relied on to supply facts pertinent to a summary judgment proceeding, they must satisfy the other requirements of CR 56 and contain admissible material.

We held in *American Linen Supply Co.* that answers to interrogatories cannot be considered when they are based on hearsay or on information and belief, nor can conclusionary statements of fact be considered in ruling on a summary judgment motion.

In the case before us, we have an unwitnessed, one–vehicle accident in which the driver was killed. The defendant–county's answers to interrogatories relating to the facts of the accident were verified by the prosecuting attorney "to the best of his information and knowledge." Although the plaintiffs' answers to interrogatories were verified by the executrix of the decedent's estate, they

demonstrate on their face that they are based on hearsay. Furthermore, to the extent that such answers state anything with respect to the "claims" of negligence (which was the language used in the county's interrogatories to the plaintiffs), they are simply conclusory facts or conclusions of law rather than statements made on personal knowledge of facts which would be admissible in evidence.[3] CR 56(e). A defendant cannot push a plaintiff out of court by swearing that the plaintiff has no case, nor may a plaintiff remain in court by merely swearing that he or she does have a case.

The court therefore cannot use the parties' answers to interrogatories in this case as a basis on which to determine that pursuant to CR 56(c) "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *American Linen Supply Co. v. Nursing Home Bldg. Corp., supra.*

The county was the party moving for summary judgment, therefore, it had the burden of proving that there is no material issue of fact. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). For the reasons just noted, the county failed in its burden with respect to the liability issues, therefore as to those issues, the cause must be reversed and remanded. With respect to two of the plaintiffs, however, Laura and Leo Babin, they have admitted that they are "unadopted stepchildren" of the deceased. The issue of whether they are beneficiaries of an action brought under the wrongful death statute, RCW 4.20.020,

---

[3]For example, the county's interrogatory No. 66, together with the plaintiff-executrix' answer thereto, reads as follows:

"No. 66: With regard to Paragraph III (a) of the plaintiffs' Statement of Claim and Paragraph 3.1 (a) of plaintiffs' complaint, state specifically in what manner *you claim* the defendant was negligent in 'failure to properly design' said accident site.

"ANSWER: Failure to install guardrails
Failure to post warning signs re: lack of shoulders
Failure to provide adequate shoulder on narrow road
Failure to engineer road so as to support truck
Removal of support and shoulder
Other acts to be disclosed following discovery." (Italics mine.)

or the survival statute, RCW 4.20.060, is therefore an issue which the court may appropriately decide at this point. "Unadopted stepchildren" are not beneficiaries within the terms of the wrongful death and survival statutes, Annot., 68 A.L.R.3d 1220 (1976), therefore, the summary judgment of dismissal as to the plaintiffs Babin must be affirmed.

JAMES, J. (concurring in the result)—I agree with Judge Andersen's concurring opinion and therefore concur in the result.

Reconsideration denied December 21, 1978.

Review granted by Supreme Court March 16, 1979.