IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| 3D LOGICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220439R |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's imposition of late filing penalties for the 2018-19, 2019-20, and 2020-21 tax years. A remote trial was held on February 3, 2023. Tiffany Logan (Logan) appeared and testified on behalf of Plaintiff. Kelly Hall and Kathryn Vai appeared on behalf of Defendant. Plaintiff's Exhibits 1 to 5 and Defendant's Exhibits A to G were admitted into evidence without objection.

## I. STATEMENT OF FACTS

The facts of this case are not in dispute. In 2017, Plaintiff registered its business with the state, leased an office in the city of Hillsboro, applied for city permits, and made tenant improvements in anticipation of business operations. In the same year, Plaintiff applied to Defendant for a security alarm and the city of Hillsboro granted a certificate of occupancy after inspecting Plaintiff's tenant improvements.

In December 2020, Defendant became aware of Plaintiff's business and created a business personal property tax account in its system. In January 2021, Defendant mailed a 2021 Confidential Personal Property Tax Return (CPPR) to Plaintiff. Logan testified that Plaintiff was not aware of its obligation to file a CPPR until receiving that notice. On June 1, 2021, Plaintiff filed its 2021 CPPR, identifying the "date business originated in county" as March 1, 2017, and

valued the personal property at $636,088. In November 2021, Plaintiff received Defendant's

2021-22 Personal Property Tax Statement in the mail with a real market roll value of $968,574.

(Ex 3).

In December 2021, Sterling Logan on behalf of Plaintiff, met with Defendant to discuss

the real market value of the personal property. Defendant's representative advised Plaintiff to

file an appeal with the Board of Property Tax Appeals (BOPTA) on or before the filing deadline

of December 31st. Plaintiff filed its appeal with BOPTA and on February 18, 2022, BOPTA

mailed Plaintiff its Board Order lowing Plaintiff's personal property value for the 2021-22 tax

year to $636,088. Plaintiff did not request BOPTA to waive the five percent late filing penalty

imposed for the 2021-22 tax year.

On June 23, 2022, Defendant mailed Plaintiff a notice of omitted property, which

included a 50 percent late filing penalty for the 2018-19, 2019-20, and 2020-21 tax years (years

in issue). Plaintiff subsequently filed the returns but did not file an application seeking a penalty

waiver either to Defendant or BOPTA. Plaintiff seeks a penalty waiver from this court.

## II. ANALYSIS

The issues are whether late filing penalties were properly imposed upon Plaintiff under

ORS 308.296 and, if so, whether Plaintiff made a proper showing of good and sufficient cause

under ORS 305.422 permitting the court to waive the penalties.[1]

A.      *Taxpayers Bear the Responsibility of Filing Personal Property Tax Returns*

Plaintiff acknowledges that its returns were late for the years in issue but urges the court

to consider its lack of knowledge of the filing requirement. Plaintiff points to its various

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2017 edition, which were unchanged in the 2019 edition.

business and construction applications to show that Defendant knew or should have known Plaintiff was in business and should have sent Plaintiff notices to file returns. However, the law places the burden on the owners of personal property to file personal property tax returns each year. *See* ORS 308.290(1)(a). The statutory deadline for filing personal property tax returns was March 15 for the years in issue. ORS 308.290(4). Taxpayers who file returns after the March 15 deadline, but on or before June 1, are subject to a five percent penalty. ORS 308.296(2). Taxpayers who fail to file returns entirely or after August 1 are subject to a 50 percent penalty. ORS 308.296(4). Because Plaintiff failed to file its returns for the tax years in issue until long after the deadlines, it is subject to a 50 percent penalty.

B.      *Standard of Review to Waive CPPR Filing Penalties*

ORS 305.422 allows the Tax Court to waive a taxpayer's liability for all, or a portion of, a late filing penalty "upon a proper showing of good and sufficient cause."[2] ORS 305.422 does not further define the standard. In determining whether good and sufficient cause exists, the court has historically used "good and sufficient cause" as defined in elsewhere in chapter 305 as a guide, including in ORS 305.288(5)(b). *See Nat'l Metallurgical Corp. v. Dept. of Rev.*, 7 OTR 142, 144-45 (1977), *aff'd,* 282 Or 317, 577 P2d 941 (1978); *Wong v. Clackamas Cty. Assessor*, TC-MD 021125C, WL 21263657 at *2 (Or Tax M Div Feb 28, 2003); *Lardo Bakery, LLC v. Multnomah Cty. Assessor*, TC-MD 160386R, WL 3485860 at *2 (Or Tax M Div Aug 15, 2017).

---

[2] The court observes that the legislature has created different standards for penalty waivers of the type involved here, depending on where the request is made. ORS 308.296(8) allows a county assessor to waive late filing penalties "if the assessor finds the reasons given by the taxpayer in the application are sufficient to excuse the failure to file" along with the requirements that the taxpayer be a first-time filer and not previously been granted a waiver. In contrast, under ORS 308.296(6), BOPTA may waive the penalty "upon a proper showing of good and sufficient cause[.]" In this case, Defendant stated that they reject all requests for a waiver, because the statutory language is too ambiguous. One has to wonder if the legislature intended county assessors to forego using their discretion to waive penalties such as presented here. Nevertheless, the court has no reason to examine Defendant's policy in this case because Plaintiff offered no evidence that it ever made a request to Defendant to waive the penalties.

ORS 305.288(5)(b) defines the term "good and sufficient cause" as follows:

"(b) 'Good and sufficient cause':

"(A) Means an *extraordinary circumstance* that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) *Does not include inadvertence, oversight, lack of knowledge,* hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5)(b) (emphasis added).

Plaintiff argues that ORS 305.288(5) states that the definition of "good and sufficient cause" is "for purposes of this section, and may not be applicable to define that term in ORS 305.422." But Plaintiff offers no alternative definition. Even assuming Plaintiff is right, the court is convinced that under any definition of "good and sufficient cause," a lack of knowledge of the filing requirement does not meet that standard. Similar cases in this court have held that taxpayers are presumed to know the law and that ignorance of the law does not excuse their failure to act. *See Performance Processing Group Inc. v. Lane Cty. Assessor,* TC-MD 021214C, WL 215371 at *3 (Or Tax M Div Jan 24, 2003).

The court acknowledges that the penalties imposed in this case are significant for a newly established business. However, the statute and case precedent leave the court with no other choice.

## III. CONCLUSION

Plaintiff failed to file personal property tax returns for the 2018-19, 2019-20, and 2020-21 tax years prior to August 1. Defendant imposed a 50 percent penalty for those years, as

/ / /

required by ORS 308.296(4). Plaintiff has not demonstrated good and sufficient cause for a

waiver of those penalties under ORS 305.422. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this _____ day of March 2023.

_____

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on March 8, 2023.*